**STATE of Tennessee, Appellee,**

v.

**Juanita MILTON, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

June 15, 1984.

John G. Maddox, Clinton, for appellant.

William M. Leech, Jr., Atty. Gen. & Reporter, Kimberly J. Dean, Asst. Atty. Gen., Nashville, Jan Hicks, Asst. Dist. Atty. Gen., Clinton, for appellee.

## OPINION

DWYER, Judge.

Appellant's suspended sentence was revoked after a full hearing. The issues on this appeal as of right are: (1) whether the evidence supports the revocation; (2) whether the trial court erred by admitting hearsay testimony against the appellant; and (3) whether the trial court was neutral and detached.

The appellant is a young woman with a small child. She pled guilty on January 15, 1982, to receiving stolen property in excess of two hundred dollars. She was sentenced to serve not less than nor more than three years but was placed on probation. Appellant was subsequently arrested twice for shoplifting offenses on August 16, 1982, and December 14, 1982.

The evidence introduced in the hearing *sub judice* reflects that an officer answered a call to the Winn Dixie Store in Oak Ridge on September 3, 1983. The officer testified that when he entered the store he observed a heated argument between the appellant and an elderly lady, Mrs. Edith McCord. Mrs. McCord was accusing the appellant of stealing her purse containing seventy-three dollars. Appellant was denying the theft. The officer took appellant outside and placed her in the back seat of his patrol car, then returned to the store and questioned Mrs. McCord. The victim told the officer that she was in ill health and did not want to prosecute the appellant if she could get her money back. The officer relayed this information to the appellant, who agreed to pay the money if she could be on her way. The appellant returned to the store and gave Mrs. McCord seventy-three dollars in cash. The appellant maintained that the money was part of the proceeds of a welfare check she received on the first of the month.

A probation officer testified that appellant was twice charged with shoplifting while on probation. Appellant did not report the incident with Mrs. McCord to the probation officer. Appellant was employed at Volunteer Motors but was not paying restitution as required under the terms of her probation.

The appellant testified and denied that she stole the money from Mrs. McCord, relating that she was in the store with a friend to buy items for a barbeque and was unjustly accused. She gave Mrs. McCord seventy-three dollars because she did not want any trouble.

A friend of appellant testified that she went with appellant to the store to buy items for a barbeque and did not see appel-

lant take Mrs. McCord's purse. There were discrepancies between her testimony and the appellant's testimony as to whether they bought any items in the store and whether they had the barbeque that night.

The evidence is sufficient to sustain the revocation of the suspended sentence. The proof of a violation of the terms of probation need not be beyond a reasonable doubt but is sufficient if it allows the trial court to make a conscientious and intelligent judgment. *Roberts v. State,* 584 S.W.2d 242, 243 (Tenn.Cr.App. 1979). To set this judgment aside, it must be demonstrated that the record contains no substantial evidence to support the trial court's conclusion that a violation of probation has occurred. *State v. Delp,* 614 S.W.2d 395, 398 (Tenn.Cr.App.1980). The trial court had before it evidence that the appellant had stolen Mrs. McCord's purse while on probation. The appellant denied this, but the court obviously did not believe her. The trial court also found that appellant was not truthful at the hearing and had not made a good faith effort to comply with the terms of her probation requiring her to make restitution. The court did not act arbitrarily or abuse its discretion by revoking appellant's probation. This issue is overruled.

The second issue: The investigating officer was allowed to testify over objection that Mrs. McCord accused the appellant of stealing her purse. Appellant complains that this was hearsay and violated her right to confrontation and cross-examination. The evidence reflects that Mrs. McCord's purse was stolen and as a result she became involved in a heated argument with the appellant. The officer arrived in the midst of that argument. Under these circumstances, Mrs. McCord's accusations were admissible as excited utterances. *See State v. Meadows,* 635 S.W.2d 400 (Tenn. Cr.App.1982).

Appellant also urges that the allowance of the officer's testimony regarding the victim's statement violated her right to confrontation. A probation revocation proceeding is not part of a criminal prosecution, and thus the appellant is not entitled to the full panoply of rights afforded a defendant in a criminal proceeding. *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484, 485 (1972); *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). The United States Supreme Court has held, however, that the Due Process Clause provides a defendant in a probation revocation hearing with the right to confront and cross-examine adverse witnesses unless the hearing officer specifically finds good cause for not allowing confrontation. *Morrissey v. Brewer, supra; Gagnon v. Scarpelli, supra.* The State argues that there was good cause for not requiring Mrs. McCord to testify because of her age and ill health; while this may be true, the fact remains that the trial court made no finding of fact as to this matter. The failure of the trial court to either require the testimony of Mrs. McCord or make a specific finding of good cause as to why she could not testify was error. The appellant was not prejudiced by this error, however, and reversal is therefore not required. T.R.A.P. 36(b). The trial court had before it the officer's testimony regarding Mrs. McCord's accusation. The appellant and her friend also testified that the accusation was made. In this setting, the failure to call Mrs. McCord as a witness did not affect the results. This issue is overruled.

The last issue: The trial court did closely question the appellant. That, however, does not mean that he was biased or not impartial. It is obvious from the past offenses of appellant before the court that the court was well aware of appellant's history in this proceeding. The record shows that the court had been most lenient and patient with an appellant who did not live up to her promises and did not benefit from being probated. This issue overruled, the judgment of the trial court is affirmed.

WALKER, P.J., and DAUGHTREY, J., concur.