# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

### MAY 1998 SESSION

FILED

May 22, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. NO. 01C01-9708-CC-00380 |
| Appellee, | ) | |
| | ) | MONTGOMERY COUNTY |
| VS. | ) | (Nos. 31454, 35313, 37414 Below) |
| | ) | |
| ANNA M. EADIE, | ) | The Hon. John H. Gasaway |
| | ) | |
| Appellant. | ) | (Revocation of Community Corrections) |

FOR THE APPELLANT:

COLLIER W. GOODLETT
Assistant Public Defender.
19th Judicial District
109 S. Second Street
Clarksville, TN 37040

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

DARYL J. BRAND
Assistant Attorney General
Cordell Hull Building, Second Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

JOHN WESLEY CARNEY, JR.
District Attorney General

ARTHUR F. BIEBER
Assistant District Attorney General
204 Franklin Street, Suite 200
Clarksville, TN 37040

OPINION FILED _____

AFFIRMED PURSUANT TO RULE 20

DAVID G. HAYES, JUDGE

# **O P I N I O N**

The appellant, Anna M. Eadie, appeals as of right from the trial court's revocation of her community corrections sentence. She contends that the evidence presented at her revocation hearing is insufficient, as a matter of law, to support a revocation of community corrections.[1] Based on our review of the briefs and of the entire record in this cause, we conclude that this is an appropriate case for affirmance under Rule 20, Tennessee Court of Criminal Appeals Rules.

In 1993, the appellant entered a guilty plea to DUI, first offense, and she was sentenced to 11 months and 29 days, all of which was suspended. She was also ordered to pay a $250 fine. The appellant violated probation in 1993 by failing to report to her probation officer and by failing to report a change of address. In 1995, the appellant again violated probation when she was convicted of two counts of forgery. The appellant was sentenced to two years for each count of forgery, to be served consecutively. Both sentences were suspended. She was also ordered to pay all court costs and restitution. In 1996, the appellant was convicted of a separate charge of forgery and was sentenced to two years of community corrections. She was again ordered to pay restitution. Based on this conviction of forgery, the trial court revoked the appellant's probation being served for her DUI and prior forgery convictions. The appellant was ordered to serve the remainder of those sentences on community corrections, consecutively to her 1996 sentence for forgery.

The appellant's community corrections sentence began on October 10, 1996. Subsequently, on November 14, 1996, a violation warrant was issued. The appellant was served with the violation warrant on March 14, 1997, and the appellant reported to her community corrections supervisor approximately one week later.

---

[1]The appellant's counsel has filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In that brief, counsel requested that he be allowed to withdraw from representing the appellant in the above-styled case. Counsel should now move to withdraw pursuant to Rule 14, Tennessee Supreme Court Rules.

At the revocation hearing, the appellant's community corrections supervisor testified that the appellant failed to report, left the county without permission, and failed to pay required court costs. The appellant admitted that she failed to report to her community corrections supervisor. She also admitted going to South Carolina for two weeks without requesting permission. While the record indicates that the appellant began complying with the conditions of community corrections after the violation warrant was served, she could offer no explanation as to why she had failed to comply in the past. Based on the proof, the trial court revoked the appellant's community corrections sentence and ordered that the appellant serve the remainder of her sentence in confinement.

Upon a finding that a defendant has violated the conditions of community corrections, it is within the trial court's discretion to order the defendant to serve the sentence in confinement. State v. Harkins, 811 S.W.2d 79, 82 (Tenn.1991). In order for this Court to find that a trial court abused its discretion in a revocation proceeding, it must be established that the record contains no substantial evidence to support the conclusion of the trial judge that the defendant violated the terms of the community corrections program. Id. The proof of a violation of community corrections need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial judge to make a conscientious and intelligent decision. Id.; State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984).

In revoking the appellant's community corrections sentence, the trial court made the following findings:

> The issue before the Court is whether or not she violated her sentence, and the Court finds that she did. She failed to report. She did not get permission before leaving the area. She has not complied with the conditions of her sentence.
>
> The record reflects that Ms. Eadie has, by my count, been accused of violating probation at least six times since 1992. For five years Ms. Eadie has been in and out of this court. And she's been on every program there is that I know of.
>
> The Court told Ms. Eadie back in October of '96 when she stood right

there that the opportunity that I gave her then would be her last, so it is. You are ordered to serve the balance of you [sic] sentence with TDOC.

On this record, it is clear that the trial court was justified in finding that the appellant violated her community corrections and that the proof of the appellant's violations was sufficient to allow the trial court to make a conscientious and intelligent decision. Accordingly, based upon a reading of the entire record, the briefs of the parties, and the applicable law, this Court finds that the judgment of the trial court should be affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules.

IT IS, THEREFORE, ORDERED that the judgment of the trial court is affirmed pursuant to Rule 20. Because the petitioner is indigent, costs of this appeal are taxed to the state.

_____
DAVID G. HAYES, JUDGE

CONCUR:

_____
GARY R. WADE, PRESIDING JUDGE

_____
JERRY L. SMITH, JUDGE