IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

FEBRUARY 1998 SESSION



**FILED**

**July 29, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE | ) | NO. 01C01-9706-CC-00208 |
| | ) | |
| Appellee | ) | |
| | ) | MAURY COUNTY |
| v. | ) | |
| | ) | Hon. James L. Weatherford |
| WILLIE EARL CECIL | ) | |
| | ) | (Probation revocation) |
| Appellant. | ) | |
| | ) | |

For the Appellant:

Hershell D. Koger
135 N. First Street
P.O. Box 1148
Pulaski, TN. 38478

For the Appellee:

John Knox Walkup
Attorney General & Reporter

Georgia Blythe Felner
Assistant Attorney General
2d Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN. 37243-0493

T. Michael Bottoms
District Attorney General

James Lee Bailey, III
Assistant District Attorney
10 Public Square
P.O. Box 1619
Columbia, TN. 38402-1619

OPINION FILED:_____

AFFIRMED

WILLIAM M. BARKER, JUDGE

OPINION

The appellant, Willie Earl Cecil, appeals as of right from the Maury County Circuit Court's revocation of his probation. We affirm the judgment of the trial court.

On August 14, 1996, the appellant pled guilty to possession of cocaine with the intent to sell, a Class C felony; delivery of cocaine, a Class C felony; contributing to the delinquency of a minor, a Class A misdemeanor; and selling over .5 grams of cocaine, a Class B felony. The trial court sentenced the appellant to concurrent terms of three (3) years for the possession and delivery of cocaine, eleven (11) months and (29) days for contributing to the delinquency of a minor, and eight (8) years for the selling of over .5 grams of cocaine. The effective eight (8) year sentence was to be suspended upon the service of 120 days in the county jail.

On August 15, 1996, one day following appellant's plea hearing, the appellant was arrested for criminal trespass and the possession of crack cocaine. Those charges arose from his activities at the Columbia Housing Authority (C.H.A.) in Maury County, Tennessee. After his arrest, a probation violation warrant was issued and the trial court conducted an evidentiary hearing.[1]

Officer Christopher Munz, with the Columbia Police Department, testified that he first observed the appellant in the C.H.A. on the day of appellant's plea hearing. The appellant was standing in a grassy yard at 1219 McBride Circle. Officer Munz told the appellant that due to his criminal history, his presence in the C.H.A. constituted criminal trespass.[2]

The C.H.A. has a policy that any non-resident with a criminal history involving drug related or violent offenses is considered a threat to the housing residents. As such, non-residents with criminal records are prohibited from entering onto private

---

[1]On August 30, 1996, while appellant was in custody for the alleged probation violation, he was charged with the additional offense of arson. An amended probation violation warrant was issued to reflect the arson charge; however, the record is silent as to the circumstances surrounding that alleged offense.

[2]Officer Munz testified that he had been informed of appellant's drug convictions by another officer with the Maury County Drug Task Force.

2

property within the C.H.A.. Officer Munz explained the C.H.A. policy to appellant and told him that he must leave the housing area and not return. Appellant complied with Officer's Munz's warning on August 14; however, he returned to the same property on the following day.

On August 15, while executing a search warrant in the C.H.A., Officer Munz and officers with the Maury County Drug Task Force observed appellant at 1219 McBride Circle. The appellant was standing in the front yard with another man, Darnell Moore, when police officers approached the two men and ordered them to lay on the ground. Officers Tommy Goats and Lonnie Lyles with the Drug Task Force testified that they noticed the appellant holding something in his hand before he was apprehended. Officer Goats stated that he observed the appellant make a throwing gesture as if he were discarding the object that was in his hand.

Although officers suspected that the appellant possessed illegal contraband, no drugs were found on his person at the scene. An empty medicine bottle was discovered nearby under a parked car and Darnell Moore had crack cocaine in his possession. The appellant was arrested for criminal trespass and possession of cocaine.

Appellant's mother, Lovey Faye Cecil, testified for the defense that the appellant had been helping her on the day of his arrest. Ms. Cecil lived in Columbia at 1515 Ryan Place, approximately two blocks from the C.H.A.. She stated that she had no transportation of her own and that the appellant had assisted her in picking up his younger brother and the brother's medication earlier in the day.

The trial court determined that there was sufficient evidence that the appellant committed criminal trespass when he entered the residential property on McBride

Circle.[3] The court, therefore, revoked appellant's probation and ordered him to serve his eight (8) year sentence in the Department of Correction.

On appeal, the appellant contends that the trial court abused its discretion in finding that he violated the terms of his probation. We disagree.

The appellant concedes that the trial court was empowered to revoke his probation and order the execution of the original judgment upon finding by a preponderance of the evidence that appellant violated the conditions of his probation. Tenn. Code Ann. § 40-35-311(d)(Supp. 1996). Moreover, the revocation of a probationary sentence is committed to the sound discretion of the trial judge and will be sustained on appeal if the evidence is sufficient to allow the trial judge to render a conscientious and intelligent decision. See State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991); State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984).

In this case, the proof of appellant's criminal trespass was sufficient to support the trial court's decision to revoke appellant's probation. The appellant has conceded that he "was in the wrong place at the wrong time" when he entered the residential property in the C.H.A.. The revocation of his probationary sentence was proper and the judgment of the trial court is affirmed.

_____
WILLIAM M. BARKER, JUDGE

CONCUR:

_____
GARY R. WADE, Presiding Judge

_____
J. CURWOOD WITT, JUDGE

[3]The trial court questioned whether the evidence was sufficient to show that the appellant possessed crack cocaine. The judge stated that if the case were based "just on the possession of cocaine, it might very well be that I would just dismiss this warrant."

4