IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

OCTOBER 1998 SESSION

FILED

October 20, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. No. 02C01-9803-CC-00087 |
| APPELLEE, | ) | |
| | ) | Obion County |
| v. | ) | |
| | ) | Honorable William B. Acree, Jr., Judge |
| WANDA DENISE HARRIS, | ) | |
| | ) | (Probation Revocation) |
| APPELLANT. | ) | |

FOR THE APPELLANT:

Clifford K. McGown, Jr.
113 North Court Square
P. O. Box 26
Waverly, TN  37185
(On Appeal)

Joseph P. Atnip
District Public Defender
111 Main Street
P. O. Box 734
Dresden, TN  38225
(At Trial and Of Counsel on Appeal)

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
425 Fifth Avenue, North
Nashville, TN  37243-0493

Marvin E. Clements, Jr.
Assistant Attorney General
425 Fifth Avenue, North
Nashville, TN  37243-0493

Thomas A. Thomas
District Attorney General
P. O. Box 218
Union City, TN  38281

OPINION FILED: _____

AFFIRMED

L. T. LAFFERTY, SENIOR JUDGE

**O P I N I O N**

The defendant, Wanda Harris, appeals as of right from a ruling of the Obion County Circuit Court revoking her probation. On August 12, 1991, the defendant pled guilty to the sale of cocaine and received a sentence of eight years in the Department of Correction, plus a fine of $2,000. After serving a confinement period of six months, the defendant was placed on probation for seven years, six months. On March 22, 1995, the defendant pled guilty to two offenses of sale of a controlled substance. The trial court imposed sentences of six years in each case to be served concurrently and a fine of $2,000. The defendant was ordered to serve five months in the county jail with the balance of the sentence to be served in a community based alternative program. On August 11, 1995, the defendant pled guilty to aggravated burglary and received a suspended sentence of five years with probation. After a review of the evidence in this record, briefs of all parties, and appropriate law, we find the revocation of probation justified and affirm the trial court.

## BACKGROUND

The defendant's criminal endeavors began in December, 1990 with the sale of cocaine. As a result, the defendant was indicted in cause no. 8092 by the Obion County grand jury. On August 12, 1991, the defendant agreed to enter a plea of guilty to the sale of cocaine. The agreed sentence was a $2,000 fine and eight years in the Department of Correction, with confinement in jail for six months and a probationary period of seven years, six months. As a condition of probation, the defendant was ordered to pay her fine and submit to random drug screens. Apparently, the defendant complied with the conditions of probation until October 7 and October 10, 1994, when she was charged with two separate offenses of selling cocaine. In cause nos. 9660 and 9661, the Obion County grand jury indicted the defendant with the sales of cocaine occurring in October, 1994. As a result of a plea agreement on March 22, 1995, the trial court sentenced the defendant to six years in each case and fined her $2,000. The sentences were ordered to run concurrently. As part of the plea agreement, the defendant was to serve five months and then be placed in a community alternative based program, Westate Corrections Network, for the balance of the sentence. On August 14, 1995, the trial court revoked the defendant's community based alternative program for the failure of the defendant to obtain

2

employment, testing positive in a drug screen for cocaine, and the aggravated burglary conviction.  Again, the defendant was granted probation for these offenses.

On June 6, 1995, the Obion County grand jury indicted the defendant for aggravated burglary in cause no. 9856.  On August 11, 1995, the defendant pled guilty to aggravated burglary.  As a result of the plea agreement, the trial court sentenced the defendant to five years in the Department of Correction which the court suspended and placed the defendant on probation for five years.

The record establishes on October 20, 1997 a probation violation was filed by the State in cause nos. 8092, 9660-1, and 9856 based on five forgery indictments, failure to pay probation fees, failure to pay on her fine, and failure to report from May through September, 1997. The record does not contain the disposition of this warrant.

On February 9, 1998, the State filed a supplemental probation violation against the defendant in cause nos. 8092, 9660-1, and 9856 for failure to pay probation fees, failure to report since April, 1997, and failure to pay more than $10 of her $2,000 fine.

## PROBATION REVOCATION HEARING

On February 27, 1998, the trial court conducted a hearing to determine the merits of the State's request to revoke the defendant's probation.  In behalf of the State, Mr. Dale Green, probation officer with the Department of Correction, testified that he had supervised the defendant since 1995 and prior to that time, Mrs. Crocker had supervised the defendant. As to the alleged violations of February 9, 1998, Mr. Green stated that the defendant had failed to pay her supervisory fees and failed to report voluntarily since April, 1997 as instructed.  Mr. Green attempted to contact the defendant via telephone on two occasions, but was unsuccessful.  Also, the defendant failed to pay her fine in cause no. 9856. Mr. Green advised the trial court the defendant had several arrests in July, 1995 and January, 1996 for criminal trespass and public intoxication. The trial court gave this testimony little weight.

3

In her own behalf, the defendant testified she was unable to pay her supervisory fees, since she did not have a job and was taking care of an elderly father until he passed. The defendant admitted she had only been employed for two months in the past three years. As to the non-reporting violation, the defendant testified Mr. Green told her in April, 1997 "that as long as I could pay something that I was supposed to be gettin' off, because at the time, I had eight years, four supervised, four unsupervised, and I didn't have to report anymore. So, I never did report. Cause I didn't think I was still on probation." The defendant testified she could not pay her fines since she was unemployed with no income. She also stated Mr. Green could not have called her on the phone as she has no phone.

In rebuttal, Mr. Green denied telling the defendant she did not have to report and stated the defendant was well aware that she was to report.

After weighing the evidence, the trial court succinctly ruled:

> Ms. Harris, you've had several breaks, but your luck just ran
> out. You are resentenced to TDOC.

The standard by which we review a probation revocation case is abuse of discretion. "In order for a reviewing court to be warranted in finding an abuse of discretion in a probation revocation case, it must be established that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." *State v. Harkins,* 811 S.W.2d 79, 82 (Tenn. 1991).

Also, we note the trial court is entitled to revoke probation upon a finding by the preponderance of the evidence that a defendant has violated conditions of probation. Tenn. Code Ann. § 40-35-311(d). The proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial judge to make a conscientious and intelligent judgment. *State v. Milton,* 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984).

We conclude there is material evidence in this record which justifies the trial court's

decision to revoke the defendant's probation. The defendant has been given many opportunities to rehabilitate herself since 1991. Since the initial period of probation in August, 1991, the defendant has been charged and convicted of additional offenses of the sale of a controlled substance in March, 1995 and aggravated burglary in June, 1995. A reasonable inference may be drawn that the defendant was on bail at the time of the aggravated burglary charge. Prior efforts to rehabilitate the defendant in her use of cocaine were attempted by the trial court in 1995 by placing the defendant on a community based alternative program, which had to be revoked. We believe the trial court stated it best when the defendant was advised her luck ran out. We affirm the trial court's judgment.

_____
L. T. LAFFERTY, SENIOR JUDGE

CONCUR:


_____
JOHN H. PEAY, JUDGE


_____
DAVID G. HAYES, JUDGE