IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## STATE OF TENNESSEE v. JACKIE D. OZIER

**Direct Appeal from the Circuit Court for Madison County**
**No. 94-920   Honorable Roy B. Morgan, Jr., Judge**

---

**No. W1999-01478-CCA-R3-CD - Decided April 4, 2000**

---

The defendant appeals his revocation of probation and requests this Court to place him on intensive probation. We reject this request and affirm the revocation on the grounds that the defendant failed to report his February 10, 1999 arrest.

**Tenn. R. App. P. 3, Appeal as of Right ; Judgment of the Circuit Court Affirmed**

Judge John Everett Williams delivered the opinion of the Court, concurring Judge David G. Hayes and Judge Alan E. Glenn.

Clifford K. McGown, Jr., Waverly, Tennessee, for the appellant, Jackie D. Ozier, on appeal. George Morton Googe, District Public Defender, Jackson, Tennessee, and Stephen P. Spracher, Assistant Public Defender, Jackson, Tennessee, for the appellant, Jackie D. Ozier, at trial and of counsel on appeal.

Paul G. Summers, Attorney General and Reporter, J. Ross Dyer, Assistant Attorney General, James G. (Jerry) Woodall, District Attorney General, Shaun Alan Brown and James W. Thompson, Assistant District Attorneys, for the appellee, State of Tennessee.

## OPINION

The defendant, Jackie D. Ozier, appeals from the Madison County Court's order revoking his probation. The defendant was on probation after having pled guilty to various offenses.[1] Having served some time in a Community Correction's program for these offenses, the defendant was released on probation on August 12, 1998. On March 18, 1999, the State filed a probation violation report charging that the defendant had failed to report his February 10, 1999, arrest. After a hearing, the trial court ordered that the defendant's probation be revoked. Appealing this order, the defendant

---

[1] The offenses include: Those pled to on September 11, 1995 [three counts of theft under $500, one count of theft over $1000, and one count of assault] and those pled to on November 13, 1996 [five counts of theft under $500, one count of assault, and one aggravated burglary].

now claims that the trial court erred. After careful review, we affirm the order revoking the defendant's probation.

## FACTS

As stated above, the defendant was arrested on February 10, 1999, while on probation. This arrest was for aggravated assault and assault and was effected pursuant to arrest warrants. Following this arrest, it is stipulated by the parties, the defendant did not report his arrest to his probation officer and did not pay the requisite fines. On this basis, the state filed a report seeking the revocation of his probation.

In consideration of this filing, the trial court held a hearing on May 11, 1999, at which only the defendant testified. At the hearing, the state stipulated that it was proceeding on the basis of the defendant's failure to report and his failure to pay fines. Accordingly, the state presented no testimony but rather introduced the violation report, cross-examined the defendant, and presented argument.

The defendant testified and admitted to having failed to report the arrest and having failed to pay the fines. He explained that he attempted to report the arrest on two separate occasions; however, each time he was unable to contact the probation officer. Further, he explained his failure to pay the fines. He stated that he was currently paying fines imposed by another court and simply did not have the money to pay both.

At the end of this testimony, the court began to inquire into the circumstances of the arrest. Neither the defendant's lawyer nor the state could provide such details, as the state was not proceeding on those grounds. Nevertheless, the court, assured that it could inquire into those circumstances as a basis for revocation, took the matter under advisement so that it could acquire more information.

A week later the Court continued the hearing after having obtained "some documentation" concerning the arrest. The court recited that the arrests "involve allegations of the use of a beer bottle as a weapon and allegations of alcohol being involved." The state then introduced copies of the indictment, the arrest warrants, the transcript of a preliminary hearing, and a copy of the offense report. The defense offered no proof, and, at this time, the trial court concluded, "this court is satisfied after review of the alleged exhibit that the State has shown that the conduct involved in these new allegations is inconsistent with good citizenship. It would be unlawful conduct in addition to that, and that's established by a preponderance of the evidence." Accordingly, it revoked the defendant's probation on both this basis and on the basis that the defendant failed to report his arrest.

## ANALYSIS

-2-

The defendant argues that trial court erred in revoking his probation. We disagree.

A trial court may revoke a sentence of probation upon a finding by a preponderance of the evidence that the defendant has violated the conditions of his probation. See Tenn. Code. Ann. § 40-35-311. The judgment of the trial court will not be disturbed on appeal absent an abuse of discretion. See State v. Williamson, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981). In order for this Court to be warranted in finding an abuse of discretion in a probation revocation case, it must be established that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred. See State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). The proof of a probation violation need not be established beyond a reasonable doubt but is sufficient if it allows the trial judge to make a conscientious and intelligent judgment. See State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984).

First, we emphasize that a defendant who is granted probation has a liberty interest and is entitled to due process before any revocation. See Practy, 525 S.W.2d at 682. Certain procedural requirements must be met. See Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); State v. Wade, 863 S.W.2d 406, 408 (Tenn. 1993). These include:
   (1) written notice of the claimed violation of probation;
   (2) disclosure to the probationer of the evidence against him;
   (3) opportunity to be heard in person, to present witnesses, and to introduce documentary evidence;
   (4) the right to confront and cross-examine adverse witnesses;
   (5) a "neutral and detached" tribunal; and
   (6) a written statement by the finder of fact as to the evidence relied on and the reasons for revocation.
Strict rules of evidence do not apply; reliable hearsay may be permitted. See Practy, 525 S.W.2d at 680.

In this case, the defendant does not allege any deprivation of due process. We note that the trial court's decision to inquire into the circumstances of the defendant's arrest do implicate due process concerns. However, the trial court did provide the defendant notice and one week time before hearing evidence on the arrest circumstances. Further, while the trial court did initiate the inquiry and apparently gather "some documentation," contrary to ordinary procedure, it is clear from the record that the evidence relied upon at revocation was provided by the state (that is, copies of arrest report, warrants, etc.). Finally, the trial court's initial conclusion that revocation was due to a violation of "good citizenship" is conclusory, cursory, and too general to support a revocation of probation. The trial court must, as was later done in the instant case, identify specific grounds for revocation. This trial court identified not only the circumstances of the arrest but also the failure to report the arrest. Considering these violations and rulings of the trial court, this Court, while concerned that the trial court would feel obligated to so inquire and obtain relevant documentation, does not find any due process violation
   .

Reviewing the defendant's argument, this Court first notes that the defendant points to no particular abuse of discretion or error in the trial court's disposition. Instead, the defendant plainly concludes that there was "clear error" and asks this Court to order "intensive probation"; he cites no legal authority for this request. This Court detects no "clear error"; instead, we note that the defendant himself stipulated that he failed to report his arrest. As the trial court found, this failure constituted a violation of an express probation condition. Revocation is therefore within the trial court's discretion. See, e.g., State v. Michael Emler, 01C01-9512-CC-00424 (Tenn. Crim. App. filed November 27, 1996, at Nashville).

We will not disturb this decision to revoke probation, and we decline the defendant's request to order "intensive probation." Finally, to be clear, while the trial court inquired into the circumstances surrounding the defendant's arrest and, in part, rested its decision on that basis, this Court does not feel so obliged. Instead, we affirm the trial court's order simply on the violation of the one probation condition mandating the reporting of arrests.

## CONCLUSION

Accordingly, we affirm the trial court's order revoking the defendant's probation.