# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs May 23, 2001

## STATE OF TENNESSEE v. LATROY W. ASKEW

**Appeal from the Criminal Court for Knox County**
**Nos. 66762A and 67088B     Ray L. Jenkins, Judge**

---

**No. E2000-02010-CCA-R3-CD**
**July 6, 2001**

---

The defendant, Latroy W. Askew, appeals from the order of the Knox County Criminal Court which revoked Defendant's probation and required him to serve his sentence in the Tennessee Department of Correction. Having reviewed the record and the briefs submitted by the parties, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**.

THOMAS T. WOODALL, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ROBERT W. WEDEMEYER, J., joined.

William C. Talman, Knoxville, Tennessee, for the appellant, Latroy W. Askew.

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Robert L. Jolley, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On September 16, 1999, the defendant, Latroy W. Askew, pled guilty to three counts of aggravated assault, a Class C felony, and one count of reckless endangerment, a Class E felony. He was sentenced as a Range I standard offender to concurrent terms of three years for each count of aggravated assault and a term of two years for the reckless endangerment conviction, which was ordered to be served consecutively for an effective sentence of five (5) years. He was placed on probation for the entire term of the effective sentence.

On October 12, 1999, a probation violation warrant was filed alleging that Defendant had violated probation by using illegal drugs on or about September 20, 1999, four days after he had pled guilty and was placed on probation. The State filed a petition to revoke Defendant's probation and, following a hearing, the trial court granted the State's request but ordered his sentence of five (5)

years to be served in split confinement, with thirty (30) days to be served in the Knox County Jail and the remaining portion of the sentence to be served on "enhanced probation."

On March 28, 2000, the State filed another petition for revocation of probation, alleging that Defendant had violated the terms of his probation in two respects: Defendant was found in the company of a person named Demetrius White, and he was arrested on March 28, 2000 for aggravated assault. This petition was later dismissed on May 5, 2000.

On May 17, 2000, a third petition to revoke probation was filed which alleged that the Defendant had violated the terms of his probation by (1) violating curfew on two occasions, (2) testing positive for illegal drugs, (3) being three months delinquent on his probation fees, and (4) failing to pay court costs. At the evidentiary hearing on this petition, the sole testimony came from the officer responsible for supervising Defendant under the "enhanced probation" program. She testified that Defendant had tested positive for "THC" on March 2, 2000, which indicated use of illegal drugs (marijuana), and that he had violated his curfew on at least one occasion while on probation. In addition, she testified that Defendant had not been truthful with her regarding his whereabouts when she discovered he was in violation of his curfew, and that she had previously supervised Defendant while he was a juvenile on probation when she worked for the juvenile court.

In this appeal, Defendant concedes that he violated probation and that a violation of probation provides the trial court with adequate justification to revoke probation in its entirety. However, Defendant contends that the trial court's judgment, which ordered him to serve a five-year sentence in the Department of Correction because of a curfew violation and a positive result on his drug screen, was unduly harsh. In the event that the trial court's revocation of his probation is upheld, Defendant asserts that the more appropriate punishment would be a sentence for split confinement, consisting of six (6) months in the county jail with the balance on probation, or service of his sentence in the Knox County Community Corrections program. We disagree.

Tennessee Code Annotated section 40-35-311(d) provides, in relevant part, as follows:

> If the trial judge should find that the defendant has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right by order duly entered upon the minutes of the court, to revoke the probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered, or otherwise in accordance with section 40-35-310 . . . .

Tenn. Code Ann. § 40-35-311(d) (1997). Tennessee Code Annotated section 40-35-310 further provides that:

> The trial judge shall possess the power, at any time within the maximum time which was directed and ordered by the court for such suspension, after proceeding as provided in section 40-35-311, to revoke and annul such suspension, and in such cases, the original judgment so rendered by the trial judge shall be in full force and

effect from the date of the revocation of such suspension, and shall be executed accordingly. . . .

Tenn. Code Ann. § 40-35-310 (1997).

A trial judge may revoke a sentence of probation or a suspended sentence upon a finding that the defendant has violated the conditions of his probation or suspended sentence by a preponderance of the evidence. Tenn. Code Ann. § 40-35-311 (1997). The judgment of the trial court in this regard will not be disturbed on appeal unless it appears that there has been an abuse of discretion. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991) (citing State v. Williamson, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981)). In order for a reviewing court to find an abuse of discretion in a probation revocation case, it must be established that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred. Id. (citing State v. Grear, 568 S.W.2d 285, 286 (Tenn.1978)). The proof of a probation violation need not be established beyond a reasonable doubt, it is sufficient if it allows the trial judge to make a conscientious and intelligent judgment. Id. (citing State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984)).

We find that the record presents substantial evidence to support the conclusion of the trial judge that Defendant violated the conditions of his probation and that his sentence should be served in the Department of Correction. We further conclude that the trial court did not abuse its discretion. Defendant is not entitled to relief on this issue.

## CONCLUSION

The judgment of the trial court revoking Defendant's probation and suspended sentence and ordering him to serve his original sentence of five years in the Department of Correction is hereby AFFIRMED.

_____
THOMAS T. WOODALL, JUDGE

3