IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 11, 2002

## STATE OF TENNESSEE v. PHILLIP THOMAS WILCOX

**Direct Appeal from the Circuit Court for Coffee County**
**No. 29,702-F     L. Craig Johnson, Judge**

_____

**No. M2002-00667-CCA-R3-CD - Filed May 9, 2003**

_____

The defendant contends the trial court erred in revoking his probation. He claims the trial court improperly considered evidence of probation violations, because he was not given proper notice of the violations by the probation revocation warrant. He further claims that the evidence adduced at the probation revocation hearing was insufficient to revoke his probation. The trial court heard evidence of probation violations that were not included in the probation warrant, but the trial court specifically stated it did not consider such evidence in revoking the defendant's probation. Because sufficient evidence exists to prove the defendant violated Rule One of his Rules of Probation, we affirm the judgments of the trial court.

**Tenn. R. App. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and NORMA MCGEE OGLE, JJ., joined.

Joseph E. Ford, Winchester, Tennessee, for the appellant, Phillip Thomas Wilcox.

Paul G. Summers, Attorney General and Reporter; Kim R. Helper, Assistant Attorney General; and Charles Michael Layne, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The defendant, Philip Thomas Wilcox, was indicted by a Coffee County Grand Jury on April 13, 1999, on four counts of statutory rape and one count of sexual exploitation of a minor. The defendant pled guilty to all of the charges and was sentenced as a Range I standard offender to an effective four-year sentence, as follows:

Count 1:     Statutory Rape, Class E felony, 2 years incarceration, 7 months and 8 days probation;

Count 2:     Statutory Rape, Class E felony, 2 years probation, consecutive to Count 1;

Count 3:      Statutory Rape, Class E felony, 2 years probation, concurrent with
              Count 2, consecutive with Count 1;

Count 4:      Statutory Rape, Class E felony, 2 years probation, concurrent with
              Counts 2 and 3, consecutive with Count 1; and

Count 5:      Sexual Exploitation of a Minor, Class E felony, 2 years probation
              concurrent with Counts 2, 3, and 4, consecutive with Count 1.

The defendant had a history of probation revocation hearings which resulted in dismissal or increases in his probation requirements. The instant probation revocation warrant was filed on December 13, 2001, and alleges the defendant had violated the terms and conditions of probation by "his failure to obey the law as required by Probation Rule One." The defendant had been arrested on December 11, 2001, for the offense of assault. At his February 12, 2002, probation revocation hearing, the testimony revealed the defendant had possessed illegal drugs and had access to a firearm. Testimony at the hearing revealed the defendant violated his probation when he assaulted his wife. The trial court ruled the defendant violated his probation and ordered him to serve four years in the Tennessee Department of Correction. We affirm the judgments from the trial court.

## Analysis

The defendant contends that he was denied due process by the introduction of allegations not contained in the probation violation warrant at the revocation hearing. Our U.S. Supreme Court has observed that "probationers have an obvious interest in retaining their conditional liberty, and the State also has an interest in assuring that revocation proceedings are based on accurate findings of fact and, where appropriate, the informed exercise of discretion." Black v. Romano, 471 U.S. 606, 611, 105 S.Ct. 2254, 2257, 85 L. Ed. 2d 636 (1985). Due process rights of a defendant accused of violating probation are as follows:
    (a) written notice of the claimed violations of his probation or parole;
    (b) disclosure to the probationer or parolee of evidence against him;
    (c) opportunity to be heard in person and to present witnesses and documentary
        evidence;
    (d) the right to confront and cross-examine adverse witnesses . . .
    (e) a 'neutral and detached hearing body' . . . and
    (f) a written statement by the fact finders as to the evidence relied on and reasons for
        revoking probation or parole.
Gagnon v. Scarpelli, 411 U.S. 778, 786, 93 S. Ct. 1756, 1762 (quoting Morrissey v. Brewer, 408 U.S. 471, 489, 92 S. Ct. 2593, 2604, 33 L. Ed. 2d 484 (1972)); see also State v. Wade, 863 S.W.2d 406, 408 (Tenn. 1993).

A trial court may revoke the defendant's probation if the trial judge finds that the defendant violated the conditions of his probation by a preponderance of the evidence. Tenn. Code Ann. § 40-35-311(d). Such revocation "rests in the sound discretion of the trial judge." State v. Leach, 914 S.W. 2d 104, 106 (Tenn. Crim. App. 1995). The judgment of a trial court revoking probation will not be disturbed on appeal, absent an abuse of discretion. State v. Harkin, 811 S.W.2d 79, 82 (Tenn.

1991).  In order for this Court to conclude the trial court abused its discretion, it must be established that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred.  Id.  Proof of a probation violation is sufficient if it allows the trial court to make a conscientious and intelligent judgment.  State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984).

The probation violation warrant charged the defendant with assault, in violation of Rule One of his probation conditions, failure to follow the laws of the United States and to obey all laws.  At the probation revocation hearing, in addition to hearing evidence concerning the assault for which the defendant was arrested, the trial court allowed the defendant's wife to testify to the following allegations:  that the defendant consumed alcohol, that the defendant possessed illegal drugs, and that the defendant threatened his wife with a handgun.  The trial court, however, specifically stated it did not consider such evidence in determining a probation violation.

We conclude that the language of the warrant sufficiently apprised the defendant of the charges against him, thereby complying with the requirements of due process.  The warrant alleged the date of the assault and the specific number of the condition of probation the appellant violated. The probation revocation warrant clearly reflects that the appellant failed to comply with the laws of the United States during the term of his probationary sentence.  There need be only one violation of the conditions of his probation to support revocation.  In the instant case, the record does not reflect the trial court based its decision to revoke the defendant's probation on any evidence other than that directly relating to the assault.

## Conclusion

The evidence at the probation revocation hearing established that the defendant violated the rules of his probation.  Therefore, the trial court had the authority to revoke the defendant's probation.  See Tenn. Ann. Code §40-35-311(d).  For these reasons, we affirm the judgments of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE