IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 28, 2004

**STATE OF TENNESSEE v. NEAL LEVONE ARMOUR**

**Appeal from the Criminal Court for Hamilton County**
**No. 234432      Rebecca Stern, Judge**

_____

**No. E2003-02907-CCA-R3-CD - Filed September 9, 2004**

_____

The defendant, Neal Levone Armour, appeals the Hamilton County Criminal Court's revocation of probation. Because the record supports the trial court's actions, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Ardena J. Garth, District Public Defender; and Donna Robinson Miller, Assistant District Public Defender, for the Appellant, Neal Levone Armour.

Paul G. Summers, Attorney General & Reporter; John H. Bledsoe, Assistant Attorney General; William H. Cox, III, District Attorney General; and Bates Bryan, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

Pursuant to his guilty pleas, the defendant was convicted on February 13, 2001, of attempted burglary, a Class E felony, and possession of burglary tools, a Class A misdemeanor. His effective six-year, persistent-offender sentence was to be probated after the defendant served eleven months and 29 days in confinement. The trial court ordered restitution in the amount of $1,000. On November 22, 2002, the state filed a probation violation report that alleged that the defendant had failed to report to his probation officer since September 24, 2002, and that he had failed to pay supervision fees and restitution via his scheduled $50 monthly installments.

The court appointed counsel and conducted a hearing, at which the defendant's counsel conceded violations. The defendant testified that he missed one appointment only and that was due to his employment. After he missed the appointment, he assumed a violation warrant was issued, and he made no attempt to contact the probation officer further. Although the defendant did not deny being in arrears in his financial obligations to the court, he testified that he had been

working and had made weekly payments to the court. The court found that the defendant was in arrears in making his payments, but it primarily based its revocation of probation upon the defendant's failure to report since September 2002. The court ordered the defendant to serve his sentences. The defendant filed a timely appeal, in which he simply claims that the evidence is insufficient to warrant revocation of his probation.

The decision to revoke probation lies in the sound discretion of the trial judge. *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). The judgment of the trial court to revoke probation will be upheld on appeal unless there has been an abuse of discretion. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). To find an abuse of discretion in a probation revocation case, the record must be devoid of any substantial evidence that would support the trial court's decision that a violation occurred. *Id.*; *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978); *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). Proof of a probation violation is sufficient if it allows the trial court to make a conscientious and intelligent judgment. *State v. Milton*, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984).

In this case, the defendant admitted that he had failed to report as required by his probation rules. Essentially, then, the defendant conceded an adequate basis for a finding that he had violated the terms of probation. *See State v. Nkobi I. Dunn*, No. E2001-02120-CCA-R3-CD, slip op. at 3 (Tenn. Crim. App., Knoxville, Dec. 23, 2002) (Witt, J., concurring); *State v. Mitzi Ann Boyd*, No. 03C01-9508-CC-00246 (Tenn. Crim. App., Knoxville, Nov. 1, 1996). Accordingly, there is no abuse of the trial court's discretion in revoking probation, and, contrary to the defendant's claim, the evidence sufficiently supports that action.

The order of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE