# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs May 8, 2012

## STATE OF TENNESSEE v. JOHNNY LEON HATCHER

**Direct Appeal from the Circuit Court for Humphreys County**
**No. 10822      Larry Wallace, Judge**

**No. M2011-02028-CCA-R3-CD - Filed October 29, 2012**

The defendant, Johnny Leon Hatcher, appeals the sentencing decision of the Humphreys County Circuit Court following the revocation of his probationary sentence. The defendant pled guilty to six counts of manufacturing, delivery, sale, or possession of methamphetamine and received an effective six-year sentence, one year to be served in confinement and the balance on community corrections. A violation report was filed and, following a hearing, the trial court revoked the defendant's sentence and ordered the balance of the original sentence to be served in confinement. On appeal, the defendant does not contest the trial court's revocation but argues that the court erred in ordering him to serve the sentence in confinement. After review, we conclude no error occurred and affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR. and JEFFERY S. BIVINS, JJ., joined.

William B. Lockert, III, 3rd District Public Defender; Dawn Kavanagh, Assistant Public Defender, Ashland City, Tennessee, for the appellant, Johnny Leon Hatcher

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel Harmon, Assistant Attorney General; Dan M. Alsobrooks, District Attorney General; and Lisa Donegan, Assistant District Attorney General, for the appellee, State of Tennessee

## OPINION

## Procedural History and Factual Background

In December 2005, the defendant pled guilty to six counts of manufacturing, delivery, sale, or possession of methamphetamine. Pursuant to the agreement, he was sentenced to six concurrent sentences of six years. The judgments of conviction entered reflect that the defendant was sentenced to an effective six-year sentence, which was to be served with one year of confinement and the balance on community corrections. At the revocation hearing, the defendant testified that he was sentenced to an effective six year sentence, with one year being served on community corrections and the remaining five on probation. The violation warrant filed in the case indicates that the defendant was transferred to state probation on June 27, 2007. Although no reasoning is given in the record for this transfer, there appears to be no dispute in the record that the defendant was on state probation at the time the violation warrant discussed below was issued.

In September 2009, a probation violation warrant was filed alleging that the defendant had failed to report, failed to provide a correct residential address, and failed to pay costs and fees. A hearing was held in August of 2011, at which the defendant and his probation officer testified.

Carey Monsue, the defendant's probation officer, testified that she filed the violation report in the instant case. She testified that she was aware that the defendant was incarcerated on separate charges in Bradley County in late 2008. She was also aware that he was released from custody in that case in March of 2009. The defendant never reported to her again in the ensuing two years. Ms. Monsue testified that she attempted to contact the defendant at the address he had provided but was unsuccessful. Ms. Monsue also stated that the defendant had made no payments during the period for probation fees and court costs.

The defendant acknowledged that he had not reported to his probation officer since his release from the Bradley County jail in 2009. He indicated that he was aware that it was required, but he was scared because he believed that a warrant had been issued in the case while he was incarcerated in Bradley County.

The defendant also testified that, in this interim period, he had successfully completed probation or community correction sentences in two other counties, which included passing over two hundred drugs screens during the time period. He stated that he had left the area, moved to a new town, and changed his life. He testified that he was employed, had his own place to live, and attended church regularly. The defendant stated that he had not incurred any new criminal charges and that he had turned himself in because he wanted to do the right thing.

In response to questioning by the trial court, the fifty-year-old defendant acknowledged his extensive criminal history beginning when he was eighteen years old. He acknowledged that he had failed to report but asked the trial court to consider the changes he had made in his life and return him to probation.

After considering the evidence presented, the trial court found that the defendant had violated the terms and conditions of his probation by failing to report to his probation officer as ordered. The court further determined that the balance of the sentence, which would be reduced by the approximately three years the defendant had previously served, would be best served in incarceration. The defendant appeals that determination.

**Analysis**

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the defendant has violated a condition of his or her probation. T.C.A. §§ 40-35-310, -311(e) (2010). Probation revocation rests within the sound discretion of the trial court. *State v. Kendrick*, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005) (citing *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). To establish an abuse of discretion, the defendant must show that there is no substantial evidence in the record to support the trial court's determination regarding the probation violation. *Id*. Proof of a violation does not need to be established beyond a reasonable doubt. *State v. Milton*, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984). Rather, if the trial court finds by a preponderance of the evidence that a violation has occurred, the court may revoke the probation and suspension of the sentence. T.C.A. § 40-35-311(e). In a probation revocation hearing, the credibility of witnesses is to be determined by the trial court. *Mitchell*, 810 S.W.2d at 735.

Once the trial court has determined a violation of probation has occurred, it retains the discretionary authority to order the defendant to: (1) serve his sentence in incarceration; (2) serve the probationary term, beginning anew; or (3) serve a probationary period that is extended for up to an additional two years. *State v. Hunter*, 1 S.W.3d 643, 647 (Tenn. 1999); *see also* T.C.A. § 40-35-310(b). The determination of the proper consequence of the probation violation embodies a separate exercise of discretion. *Hunter*, 1 S.W.3d at 647.

Although not challenged by the defendant, we note that the record supports the trial court's decision to revoke probation in this case. The defendant acknowledged on the record that he had failed to report as ordered, thus admitting that the violation occurred. By acknowledging the violation, the defendant conceded an adequate basis for the court's decision to revoke.

On appeal, the defendant's argument is essentially that ordering incarceration is not consistent with the basic sentencing principles. To support his argument, he relies upon his successful completion of probation in other counties, that he was gainfully employed, that he had not re-offended, and that he was willing to participate in alcohol and drug assessment. However, case law is clear that, upon finding by a preponderance of the evidence that the terms of probation have been violated, the trial court is statutorily authorized to order service of the balance of the original sentence in confinement. T.C.A. § 40-35-310, -311(e); *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). Each of the factors relied upon by the defendant were heard by the trial court and weighed in reaching its sentencing determination. The defendant's mere contention that the trial court erred is not sufficient to establish that the trial court abused its discretion in ordering the balance of the sentence be served in confinement.

## CONCLUSION

Based upon the foregoing, the judgment of the Humphreys County Circuit Court is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE

-4-