IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 9, 2012

## STATE OF TENNESSEE v. CHRISTOPHER BRANDON PRESLEY

**Appeal from the Criminal Court for Sumner County**
**No. 193-2010     Dee David Gay, Judge**

---

**No. M2012-00837-CCA-R3-CD - Filed December 26, 2012**

---

The defendant, Christopher Brandon Presley, appeals the revocation of his probation. In August 2010, the defendant pled guilty to one count of aggravated burglary, a Class C felony, and one count of aggravated assault, a Class C felony. He received an effective ten-year sentence. The trial court suspended the defendant's sentence and placed him on probation. One year later, a probation violation warrant was issued (and subsequently amended). Following a hearing, the trial court revoked the defendant's probation and imposed his sentence. On appeal, the defendant claims that the trial court abused its discretion by revoking his probation. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

David A. Doyle, District Public Defender, (On Appeal); Kenneth Phillips (Probation Violation Hearing) for the appellant, Christopher Brandon Presley.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Lawrence Ray Whitley, District Attorney General; and Tara Wyllie, Assistant District Attorney General; for the appellee, State of Tennessee.

**OPINION**

## Procedural History and Factual Background

On August 26, 2010, the defendant was sentenced for one count of aggravated burglary and one count of aggravated assault. The defendant was sentenced as a Range I, standard offender and received five years on each count. The defendant was ordered to serve these sentences consecutively, for a total effective sentence of ten years. However, the trial court suspended the defendant's sentences and permitted him to serve the entire ten- year term on probation.

On November 2, 2010, a probation violation warrant was issued alleging that the defendant had violated the terms and conditions of his probation by having contact with the victim. Following a hearing held on January 24, 2011, the trial court ordered the defendant to serve forty-five days in the Sumner County Jail, after which he would be returned to state probation. On August 26, 2011, another probation violation warrant was issued alleging that the defendant had violated his probation by virtue of being arrested in Sumner County for domestic assault. An amended warrant was issued on September 23, 2011, alleging that the defendant had: (1) failed to report his new arrest to the probation office; (2) failed to report to the probation office as instructed; (3) failed to pay restitution, fees, fines and probation fees; and (4) failed to refrain from assaultive or threatening behavior. The warrants were executed and filed on December 28, 2011. A hearing was conducted on March 19, 2012.

At that hearing, Megan Cadogan, the defendant's probation officer, testified that the initial basis of the defendant's second violation warrant, which was issued while she was on leave, was the defendant's new charge for domestic assault. Ms. Cadogan added that, upon her return to the office, the warrant was amended to include, among other things, the defendant's failure to report to the probation office as instructed on September 6, September 7, and September 20. She testified that the defendant did not report being charged with domestic assault until after he had been picked up. A certified copy of the defendant's conviction on the domestic assault charge was made an exhibit to Ms. Cadogan's testimony. She concluded her testimony by opining that the defendant would benefit from some kind of therapy if he were placed back on probation.

When asked on cross-examination about the previous probation violation warrant issued just months after the defendant was sentenced, Ms. Cadogan testified that the basis of the warrant was the defendant's repeated contact with the victim of the offenses (consisting of visits and phone calls from the jail) in spite of a specific no contact order. Ms. Cadogan clarified that those allegations related to the prior violation warrant and not to the present warrant before the trial court. Concerning the defendant's failure to notify the probation office of his new domestic assault charge, Ms. Cadogan conceded that because she

was out of the office she could not dispute defendant's claim that he told someone at the probation office about the charge. She acknowledged that prior to the present violation, the defendant had reported to her and had paid his probation fees. She agreed that prior to the new violation warrants, the defendant was in compliance with probation regulations.

The defendant testified that he was currently operating his own landscaping business and had three employees. The defendant expressed to the trial court his desire to attend anger management classes and indicated that he had researched various organizations offering such classes. He admitted that he had a small anger problem and that the new domestic assault charge centered around an argument with his mother. The defendant testified that he reported the new charge to the probation office. The defendant maintained that he was capable of complying with the terms of his probation and asked the trial court not to send him to prison because of his new domestic assault charge, which he described as stemming from a simple argument with his mother. On cross-examination, the defendant admitted that he had previously violated his probation by having contact with the victim. The defendant conceded that he did not turn himself in on either the domestic assault warrant or the probation violation warrant until some four months later.

Upon questioning by the trial court, the defendant agreed that the rules of his probation were clear with respect to what was expected of him during the probationary period. In response to the defendant's claim that he had never been afforded the opportunity to take anger management classes, the trial court asked the defendant if he had taken the opportunity to sign up for such classes while he was on probation. The defendant responded that he had made plans to do so and had discussed it with his probation officer, but that he had not yet signed up for classes.

At the conclusion of the testimony, the trial court held that the defendant had violated the terms of his probation. In its oral ruling, the trial court acknowledged the positive steps taken by the defendant, including the establishment of his own business. However, the trial court stated that there was no excuse for the domestic assault, and committing that offense violated a specific condition of the defendant's probation. The trial court referenced the defendant's prior disregard for the terms of his probation. The court found that not only did the defendant plead guilty to domestic assault but that he also failed to report for four months. The trial court stated that the defendant had "never come to grips" with his probationary obligations, noting that the defendant had not abided by the rules of probation and had not followed the law. The court concluded by finding that the defendant had violated the terms of his probation by being convicted of domestic assault while on probation and by failing to report as instructed. These findings were memorialized in a written order and an amended order. This appeal followed.

**Analysis**


The defendant's sole claim in this appeal is that the trial court failed to exercise a conscientious and intelligent judgment in finding by a preponderance of the evidence that the defendant had violated the terms and conditions of probation in this case. We disagree.

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the defendant has violated a condition of his probation. T.C.A. §§ 40-35-310, -311(e) (2010). Probation revocation rests within the sound discretion of the trial court. *State v. Kendrick*, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005) (citing *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). To establish an abuse of discretion, the defendant must show that there is no substantial evidence in the record to support the trial court's determination regarding the probation violation. *Id.* Proof of a violation does not need to be established beyond a reasonable doubt. *State v. Milton*, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984). Rather, if the trial court finds by a preponderance of the evidence that a violation has occurred, the court may revoke the probation and suspension of the sentence. T.C.A. § 40-35-311(e). At a probation revocation hearing, the credibility of witnesses is to be determined by the trial court. *Mitchell*, 810 S.W.2d at 735.

By the defendant's own admission, he violated his probation when he was charged with, and later convicted of, domestic assault and when he failed to report as instructed. The defendant's admissions, coupled with the hearing testimony, provide abundant evidence in support of the trial court's determinations.

The defendant points to his early success on probation and the rehabilitative theory of probation generally in support of his claim that he posed a low risk to the community and therefore should have been allowed to remain on probation. While the testimony revealed the defendant's substantial compliance at times, it also illuminated multiple violations. The trial court noted the defendant's achievements, but the court also expressed its deep concern over the defendant's repeated disregard of the rules of probation.

The court found that the defendant, while on probation for aggravated burglary and aggravated assault and while having admitted anger issues, committed assaultive or threatening offense against his mother. It is clear from the record that the defendant's attempt to minimize the domestic assault because the victim was his mother was not well taken by the trial court. The trial court also noted the defendant's failure to follow the rules

by adhering to one of probation's most basic requirements – reporting to the probation officer as instructed. The trial court's findings in this regard are supported by the record.

That the defendant was previously compliant does not require the trial court to ignore his multiple violations. The defendant has failed to establish that the trial court erred, abused its discretion, or otherwise failed to exercise a conscientious and intelligent judgment when it revoked his probation and ordered him to serve his original sentences. The defendant's claim is denied accordingly.

## CONCLUSION

Based upon the foregoing, the judgment of the trial court is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE