# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
July 2000 Session

## STATE OF TENNESSEE v. RICKY LEE COOK

### Appeal from the Criminal Court for Sumner County
### No. 172-1999    Jane W. Wheatcraft, Judge

_____

### No. M2000-00178-CCA-R3-CD  - Filed August 18, 2000

_____

Defendant appeals the revocation of his probation and reinstatement of a portion of his original sentence.  The defendant plead guilty to possession of drug paraphernalia, and received a sentence of eleven (11) months, twenty-nine (29) days, which was completely suspended after the service of forty-eight (48) hours.  After a revocation hearing, the trial court revoked defendant's probation and required him to serve a portion of his sentence.  Concluding that the defendant violated at least four specific terms of his probation, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**.

CORNELIA A. CLARK, SP. J., delivered the opinion of the court, in which DAVID H. WELLES, J., and ALAN E. GLENN, J., joined.

David A. Doyle, District Public Defender, Regan Cothron, Assistant District Public Defender, for the appellant, Ricky Lee Cook.

Paul G. Summers, Attorney General and Reporter, Clinton J. Morgan, Assistant Attorney General, Lawrence Ray Whitley, District Attorney General, Cara Loeffler, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On June 21, 1999, Ricky Lee Cook plead guilty to possession of drug paraphernalia.  He was sentenced to serve eleven (11) months, twenty-nine (29) days, with all but forty-eight (48) hours of that sentence suspended.  He was placed on probation for eleven (11) months, twenty-seven (27) days.  Special conditions of probation included completion of a domestic violence class, one hundred (100) hours of public service work, an alcohol and drug assessment with mandatory compliance features, and the payment of a $250.00 contribution to the Gallatin Police Department.

On December 7, 1999, a probation violation warrant was issued, alleging that the defendant violated the terms of his probation by failing to report to his probation officer on

November 4, 1999, failing to attend MRT classes on a weekly basis, failing to show proof of payment of the $250.00 contribution, failing to complete one hundred (100) hours of public service, and being in arrears to CCI in the amount of $105.00 through the month of November.

On December 29, 1999, an additional warrant was issued, alleging that the defendant had received new charges of resisting arrest, assault on a police officer, and disorderly conduct, these new offenses occurring on or about July 6, 1999.

On January 7, 2000, the trial court conducted an evidentiary hearing. The defendant testified, along with other witnesses, and admitted that he had failed to comply with the conditions in question. He asserted that the stress caused by the illnesses of both his mother and his girlfriend, as well as the press of the family business, caused him to forget his probation obligations. He also claimed that the new charges were a mistake caused by the actions of his girlfriend.

From all the evidence presented at the probation revocation hearing, it is clear that the defendant quit reporting to his probation officer, never attended MRT classes (although he understood his obligation to go), never made any contribution to the Gallatin Police Department, never completed any hours of public service work, and did receive new criminal charges, although the cases had not gone to trial at the time the hearing was conducted.

When a trial court determines by a preponderance of the evidence that a probationer has violated the conditions of his or her probation, the trial court has the authority to revoke probation. Tenn. Code Ann. ' 40-35-311. The decision to revoke probation is in the sound discretion of the trial judge. *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). The judgment of the trial court will be upheld on appeal unless there has been an abuse of discretion. *State v. Williamson*, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981). To find an abuse of discretion in a probation revocation case, the record must be void of any substantial evidence that would support the trial court=s decision that a violation of the conditions of probation occurred. *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978); *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). Proof of a probation violation is sufficient if it allows the trial court to make a conscientious and intelligent judgment. *State v. Milton*, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984).

The evidence at the probation revocation hearing established that the defendant violated the terms and conditions of his probation. The trial court, therefore, had the authority to revoke his probation. See Tenn. Code Ann.' 40-35-311(d). The trial court did not abuse its discretion in exercising such authority. Accordingly, the judgment of the trial court is affirmed.

_____
CORNELIA A. CLARK, SPECIAL JUDGE