IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 19, 2002

## STATE OF TENNESSEE v. DERRICK S. CHANEY

**Direct Appeal from the Circuit Court for Williamson County**
**No. II-22-201     Timothy L. Easter, Judge**

---

**No. M2002-00057-CCA-R3-CD - Filed July 31, 2002**

---

The Defendant pleaded guilty to first offense DUI, for which he was sentenced to eleven months and twenty-nine days incarceration, suspended after service of forty-eight hours; and to driving with a suspended, cancelled, or revoked license, for which he was sentenced to six months incarceration, suspended after service of forty-eight hours. The trial court ordered that the two sentences be served concurrently. The Defendant was subsequently arrested for probation violation, and the trial court conducted a hearing to determine whether the Defendant's probation should be revoked. At the conclusion of the hearing, the trial court ordered that the Defendant serve the remainder of his sentences in custody. The Defendant appeals this decision, arguing that the State failed to prove by a preponderance of the evidence that he had violated his probation and that the trial court erred by ordering him to serve his full sentence in custody. We conclude that sufficient evidence was presented at the hearing to support revocation of the Defendant's probation and that the trial court did not err by ordering the Defendant to serve his sentence in custody. We thus affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID G. HAYES and ALAN E. GLENN, JJ., joined.

Gene Honea, Assistant Public Defender (on appeal), and John H. Henderson, Jr., District Public Defender, Franklin, Tennessee (at trial), for the Appellant, Derrick S. Chaney.

Paul G. Summers, Attorney General and Reporter; Kim R. Helper, Assistant Attorney General; Ronald L. Davis, District Attorney General; and Derek K. Smith, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

In August 2001, the Defendant, Derrick S. Chaney, pleaded guilty to first offense DUI and to driving with a suspended, cancelled, or revoked license. For the DUI conviction, the trial court

sentenced the Defendant to eleven months and twenty-nine days incarceration, suspended after service of forty-eight hours. The trial court ordered the Defendant to pay a $350 fine and to attend Alcohol Safety School; the court also suspended the Defendant's license for a period of one year. For the driving with a suspended, cancelled, or revoked license conviction, the trial court sentenced the Defendant to six months incarceration, suspended after service of forty-eight hours. The trial court ordered that the two sentences be served concurrently.

On November 9, 2001, a warrant issued against the Defendant, alleging that he had violated the conditions of his probation by testing positive for cocaine use on October 2, 2001. A probation violation hearing was subsequently held on December 17, 2001, at which the following evidence was presented: Julie Oden, the Defendant's probation officer, testified that she began supervision of the Defendant on August 30, 2001. She stated that she completed an initial interview of the Defendant, at which time she explained the rules of probation to the Defendant and gave him a written copy of the rules of probation. Oden stated that one of the rules expressly prohibited the Defendant from using intoxicants of any kind to excess and from using or possessing narcotic drugs or marijuana. According to Oden, the Defendant signed a document indicating his agreement to adhere to the rules of probation.

Oden reported that on October 2, 2001, the Defendant tested positive for cocaine use during a random drug screen. Oden testified that the test was performed by Redwood Toxicology Laboratory in California, and an affidavit by the chief toxicologist of the laboratory, in which the toxicologist stated that cocaine was found in the Defendant's urine, was entered into evidence at the hearing. Oden stated that the Defendant denied having a drug problem, and she reported that prior to taking the test, the Defendant denied in writing that he had ever used drugs of any kind. Oden testified that on November 9, 2001, she swore out a warrant for the Defendant's arrest for violation of the conditions of probation.

The Defendant testified on his own behalf at the probation revocation hearing. He reported that he was twenty-nine years old at the time of the hearing. He also testified that he was divorced and that he had a four-year-old daughter. The Defendant stated that at the time of his arrest for violation of probation, he was working for a temporary agency, but planned to start work at his father's business.

The Defendant maintained that he had never used cocaine, marijuana, or other illegal drugs. He stated that he could not explain the results of his drug screen. The Defendant also complained that although he had asked his probation officer for a second drug test, she refused to conduct a second test.

The Defendant testified that he had been arrested several times, but he maintained that on each occasion, he was innocent. The Defendant admitted that he had twice been convicted of DUI. He stated that he was first charged with DUI after a car accident which rendered him unconscious. He reported that hospital employees obtained a blood sample from him while he was unconscious. He maintained that he did not feel that he was drunk at the time of the accident, but he stated that

he pled guilty to DUI because he did not have enough money to contest the charge. The Defendant reported that prior to his second arrest for DUI, he drank "a couple of beers," but he again maintained that he did not feel that he was guilty of the charged offense. He claimed that he passed a sobriety test on this occasion, but refused blood and breath tests. He stated that his attorney told him that his was "not a very strong case" and that he could either pay more money to fight the charge or "plead out." The Defendant testified that he had no more money and therefore opted to plead guilty to the charged offense.

In addition, the Defendant admitted that he was arrested for writing bad checks in 1999. However, he claimed that the checks were written on his own account, and he stated that he had paid off all outstanding amounts when he was taken into custody for the charges in this case. The Defendant also admitted that in 1999, he was arrested for possession of a Schedule IV controlled substance and for possession of drug paraphernalia. He explained that when a police officer pulled him over while he was driving, his wife's prescription for what he believed was Loritab was found in the console of his car, and a lighter and "crack pipe" were also found in his vehicle. He stated that the drug paraphernalia was not his and claimed that a woman who was with him at the time of the arrest threw the lighter and pipe into the seat when he was pulled over. The Defendant claimed that the charge for possession of a Schedule IV controlled substance was later dismissed.

The Defendant further testified that in 1991, while he was under the legal drinking age, he was arrested after officers found alcohol in a car that the Defendant and his brother were driving. The Defendant maintained that the alcohol did not belong to him and stated that the charges were later dismissed. Finally, the Defendant testified that he had been involved in two personal injury automobile accidents where someone had been hurt and that he had been involved in three automobile accidents involving property damage.

At the conclusion of the hearing, the trial court found by a preponderance of the evidence that the Defendant was guilty of violating the terms of his probation and ordered that the Defendant serve the remainder of his sentence in custody. The Defendant now appeals this finding by the trial court, arguing that the prosecution failed to prove by a preponderance of the evidence that he had violated the terms of his probation and that the trial court abused its discretion by ordering him to serve his sentence in custody.

We begin our analysis with several well-settled principles of law pertaining to the revocation of a probated sentence. When a trial court determines by a preponderance of the evidence that a probationer has violated the conditions of his or her probation, the trial court has the authority to revoke probation. Tenn. Code Ann. § 40-35-311(e). Once the trial court makes such a finding, it is vested with the statutory authority to "revoke the probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered . . . ." Id. When probation is revoked, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension . . . ." Id. § 40-35-310.

-3-

The decision to revoke probation is in the sound discretion of the trial judge. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). The judgment of the trial court to revoke probation will be upheld on appeal unless there has been an abuse of discretion. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). To find an abuse of discretion in a probation revocation case, the record must be void of any substantial evidence that would support the trial court's decision that a violation of the conditions of probation occurred. Id.; State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). Proof of a probation violation is sufficient if it allows the trial court to make a conscientious and intelligent judgment. State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984).

The Defendant's probation officer testified at the probation revocation hearing that the Defendant tested positive for cocaine use in a random drug screen. An affidavit from the laboratory which conducted that test supported the probation officer's testimony and was entered into evidence. This is sufficient proof to allow the trial court to make a conscientious and intelligent judgment. Although the Defendant denied taking any kind of illegal drugs, the trial judge obviously discredited the Defendant's testimony.

On appeal, the Defendant challenges the accuracy and reliability of the drug screening process. We note, however, that the laboratory test was introduced pursuant to and in compliance with Tennessee Code Annotated § 40-35-311(c)(1), which sets forth specific requirements for the admissibility of laboratory reports regarding a defendant's drug test in a probation revocation proceeding. At the hearing, the Defendant presented no evidence contesting the accuracy and reliability of the drug screening process other than his denial of drug usage. This issue is without merit.

The Defendant further argues, however, that the trial court erred by ordering him to serve his full sentence. He relies upon a comment by the trial judge that once it was shown by a preponderance of the evidence that the Defendant had violated probation, the judge's "hands were tied." The Defendant contends that this comment indicates that the court proceeded under the assumption that it had no discretion in ordering the Defendant to serve his sentence in custody. We respectfully disagree. In commenting that its "hands were tied," the trial court apparently referred to a prior warning it had given the Defendant that if he violated his probation, he would be ordered to serve the remainder of his sentence in custody.[1] The trial court heard evidence pertaining to the Defendant's prior criminal history, including evidence of a history of alcohol and drug abuse by the Defendant. The court then acted well within its discretion in revoking the Defendant's probation and ordering the Defendant to serve his sentence in custody. We find no abuse of discretion by the trial court.

Accordingly, we AFFIRM the judgment of the trial court.

---

[1] A transcript of the Defendant's guilty plea proceeding is not included in the record. However, the trial court indicated at the probation revocation hearing that it had given the Defendant such a warning.

-4-

_____
ROBERT W. WEDEMEYER, JUDGE