# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs August 20, 2002

## STATE OF TENNESSEE v. JASON HOWARD COPELY

**Direct Appeal from the Criminal Court for Knox County**
**No. 66487    Mary Beth Leibowitz, Judge**

_____

**No. E2002-00468-CCA-R3-CD**
**September 16, 2002**
_____

The Defendant pled guilty to facilitation of attempt to commit especially aggravated robbery. The trial court sentenced the Defendant as a Range II multiple offender to seven years in the Tennessee Department of Correction, with eleven months of the sentence to be served in the Knox County jail followed by probation for the remainder of the sentence. A probation violation warrant was subsequently issued against the Defendant, alleging that the Defendant had violated his probated sentence by leaving his residence without permission and by removing his electronic monitor. An amended probation violation warrant was later filed alleging that the Defendant had also violated his probation by committing misdemeanor theft. Following a hearing, the trial court revoked the Defendant's probation and ordered him to serve his sentence in the Tennessee Department of Correction. This appeal ensued. After reviewing the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Mark E. Stephens, District Public Defender, and David Gall, Assistant District Public Defender, Knoxville, Tennessee, for the appellant, Jason Howard Copely.

Paul G. Summers, Attorney General and Reporter; Peter M. Coughlan, Assistant Attorney General; Randall Eugene Nichols, District Attorney General; Marsha Mitchell, Assistant District Attorney General; and Ben Whitehouse, Special Prosecuting Attorney, for the appellee, State of Tennessee.

## OPINION

### I. Procedural History

In September 1998, the Knox County Grand Jury indicted the Defendant for the offenses of felony murder and attempted especially aggravated robbery. In September 2000, pursuant to a plea

agreement, the Defendant pled guilty to one count of facilitation of attempt to commit especially aggravated robbery, a Class C felony. The trial court sentenced the Defendant as a Range II multiple offender to seven years in the Tennessee Department of Correction, with eleven months of the sentence to be served in the Knox County jail followed by probation for the remainder of the sentence. At the time of this conviction, the Defendant was serving a three-year sentence for aggravated assault. On December 4, 2001, a violation of probation warrant was issued against the Defendant. In the warrant, the Defendant's probation officer alleged that the Defendant "violated the conditions of his probation by leaving his residence without permission and removing his electronic monitor and absconding supervision." Both violations allegedly occurred on or about December 1, 2001. On December 7, 2001, an amended violation of probation warrant was issued against the Defendant, in which the Defendant's probation officer alleged that the Defendant was charged with a misdemeanor theft that allegedly occurred on November 29, 2001.

On February 15, 2002, the trial court conducted a hearing concerning the allegations in the probation violation warrant and in the amended warrant and found that the Defendant had violated the terms and conditions of his probated sentence. The trial court revoked the Defendant's probation and ordered the Defendant to serve his sentence in the Tennessee Department of Correction. The Defendant now appeals this determination by the trial court. We affirm the judgment of the trial court.

## II. Facts

The facts from the probation violation hearing are basically uncontested. Misti Bolden testified that she signed an affidavit alleging that the Defendant and his brother "stole [her] tire off [her] car and were phone harassing [her]." She testified that a tire was stolen from her vehicle and that the Defendant was around her house on the day of the theft. Karen Durham testified that she knew the Defendant and that on November 29, 2001, she saw the Defendant and the Defendant's brother stealing a tire from Misti Bolden's car. Officer Peter Franzen, a police officer with the Knoxville Police Department, testified that he arrested the Defendant pursuant to the violation of probation warrant that had been issued. During the arrest, the Defendant locked himself in the back bedroom of a residence and refused to come out, resulting in the deployment of a negotiations team and the special operations squad to assist in the arrest, which took several hours.

Vyvian McCarthy, an employee of the State of Tennessee Board of Probation and Parole, testified that she was "sitting in" for probation officer Paula Hawley who was on sick-leave on the day of the hearing. McCarthy testified that Paula Hawley had received information from the Defendant's mother that the Defendant had removed his monitoring bracelet on December 1, 2001. A "violation report" from the electronic monitoring company was admitted into evidence in support of the allegation that the Defendant had improperly removed the monitoring bracelet.

After hearing the evidence, the trial court determined that the Defendant had violated the terms of his probated sentence. Upon considering the Defendant's prior criminal history and his

inability to conform his behavior "to the dictates of society," the trial court ordered that the Defendant serve his sentence in the Tennessee Department of Correction.

### III. Analysis

We begin our analysis with several well settled principles of law pertaining to the revocation of a probated sentence. When a trial court determines by a preponderance of the evidence that a probationer has violated the conditions of his or her probation, the trial court has the authority to revoke probation. Tenn. Code Ann. § 40-35-311(e). Once the trial court makes such a finding, it is vested with the statutory authority to "revoke the probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered." Id. When probation is revoked, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension ." Id. § 40-35-310.

The decision to revoke probation is in the sound discretion of the trial judge. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). The judgment of the trial court to revoke probation will be upheld on appeal unless there has been an abuse of discretion. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). To find an abuse of discretion in a probation revocation case, the record must be void of any substantial evidence that would support the trial court's decision that a violation of the conditions of probation occurred. Id.; State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). Proof of a probation violation is sufficient if it allows the trial court to make a conscientious and intelligent judgment. State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984).

In this case, the Defendant argues on appeal that the trial court abused its discretion by revoking his probation "without considering reasonable alternatives to revocation." The thrust of the Defendant's argument is not that the Defendant did not violate the terms of his probated sentence, but that the trial court's decision to require the Defendant to serve his sentence in the penitentiary is too harsh. Specifically, the Defendant argues that the trial court should have considered the Community Corrections program as an alternative. The State argues that considering the Defendant's "clear violations of probation and his seeming inability to control himself, especially while off his medications, the [D]efendant was properly ordered back into the custody of the Tennessee Department of Correction." We agree with the State.

Substantial evidence was presented at the hearing on the probation violation warrant to support the trial court's decision that a violation of the conditions of probation occurred. Substantial evidence was also presented to support the trial court's decision to order the Defendant to serve his sentence in the Tennessee Department of Correction. The trial court found that the Defendant was unable to control his behavior, particularly when he fails to take appropriate medication. The Defendant has a prior conviction for aggravated assault. Regarding the Community Corrections program, we conclude that a serious issue exists as to the Defendant's eligibility for that program due to the Defendant's prior conviction for aggravated assault and due to the violent nature of this offense. See Tenn. Code Ann. § 40-36-106(a). In our view, the trial court exercised conscientious

judgment in revoking the Defendant's probation and ordering him to serve his original sentence in confinement. The record does not indicate that the trial court abused its discretion.

Accordingly, the judgment of the trial court is AFFIRMED.

_____
ROBERT W. WEDEMEYER, JUDGE