IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 20, 2005

## STATE OF TENNESSEE v. DEMARCUS O'SHEA WALKER

**Direct Appeal from the Circuit Court for Maury County**
**Nos. 8905, 9028, 9127, 9128    Stella Hargrove, Judge**

————————

**No. M2004-02634-CCA-R3-CD - Filed July 20, 2005**

————————

The Defendant, Demarcus O'Shea Walker, pled guilty to various offenses, and the trial court sentenced him to an effective sentence of ten years, which it ordered the Defendant to serve on probation. While the Defendant was on probation, a probation violation report was filed and, after a hearing, the trial court revoked the Defendant's probation and ordered that the Defendant serve the remainder of his sentence in prison. On appeal, the Defendant contends that the trial court erred by revoking his probation. After thoroughly reviewing the record and the applicable authorities, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Robin Farber, Columbia, Tennessee, for the Appellant, Demarcus O'Shea Walker.

Paul G. Summers, Attorney General and Reporter; Seth P. Kestner, Assistant Attorney General; T. Michael Bottoms, District Attorney General; and Daniel J. Runde, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION
### I. Facts

In case number 8905, the Defendant pled guilty to one count of the sale of cocaine. The trial court sentenced the Defendant, as a Range I standard offender, to three years. It ordered that this sentence run concurrently with the Defendant's sentences in case numbers 9028, 9127, and 9128, for an effective sentence of ten years. The trial court ordered that the Defendant serve his sentence on probation. The Defendant's probation officer filed a probation violation report, alleging that the Defendant failed to: (1) report to his probation officer as instructed; (2) pay all required fees; and (3) comply with all special conditions.

The following evidence was presented at the Defendant's probation revocation hearing: Jean Layne, the Defendant's probation officer, testified that the Defendant was previously sent to boot camp, and he came out of boot camp on February 12, 2002. She stated that, on June 7, 2004, she filed a revocation warrant against the Defendant because he had not reported since February 26, 2004, he was not paying his fees, and he was not making payments to the court. Layne testified that, at that time, the Defendant was on regular probation, not intensive probation. She stated that from February 26, 2004, until June 7, 2004, she did not receive any communications from the Defendant to explain his failure to report. Layne testified that she was unaware of any "new" arrests or offenses that the Defendant had committed. She said that she filed the warrant on June 7, 2004, but the Defendant was not arrested until sometime in August. Layne stated that she did not hear from the Defendant during June or July of that year, and she attempted to locate him on several occasions. She said that it is the probationer's responsibility to inform her of any address changes, and she did not receive any notice of a change of address from the Defendant. She testified that letters that she sent to the Defendant, ordering him to report, were not sent back to her.

On cross-examination, Layne testified that the Defendant was under her supervision from February 12, 2002, through June 7, 2004, except for when the Defendant was transferred to Memphis for job training. Layne testified that her office helped facilitate the transfer, and she had proof that the Defendant was working. She testified that there were no violations filed while the Defendant was under supervision in Memphis. She said that she received the case upon the Defendant's return. Layne testified that, when the Defendant came out of boot camp, he was on intensive probation for three months, which requires weekly reporting, and, during that time, the Defendant reported to her and met the obligations of his probation. She testified that, during her supervision of the Defendant, she administered drug tests to the Defendant, and, in March of 2002, the Defendant tested positive for a small amount of marijuana. Layne testified that there were "quite a few" times that the Defendant was working and paying his fees during her supervision. She agreed that she was not given an explanation about the Defendant's non-reporting, but she said that the Defendant told her that he did not have the money to pay his fines and fees.

The Defendant testified that he had previously had his probation revoked, and he was sent to boot camp. He stated that he was working when he was arrested, and, if he were released, he would have employment, and he would reside with his mother. He admitted that he did not report during the times that Layne indicated he had not reported. The Defendant testified that he stopped reporting because he did not have a job or any money to pay his fines. He stated that he knew that not reporting was wrong, but, either way, he would have been in violation of his probation by not paying the fines. He stated that he understood that paying his costs and fines is just one obligation of his probation.

After hearing the evidence, the trial court stated:

> This is his – I think it's his second revocation. He was revoked in October of 2000 to serve the ten years. TDOC took steps to send him to boot camp somehow. He's out of boot camp on February 12th, 2002. There was one revocation order that

was put down and then rescinded in 2001 and I don't know the details of that. He's on intensive probation for three months. It looked like he did well. He's on regular probation after that. The probation revocation warrant is taken on June 7th, 2004. The allegations are that he had not reported since February of 2004 and he had not paid fees since January of 2004, not provided verification of employment.

This court does not understand why [the Defendant] would use the reason that he didn't report because he wasn't able – didn't have any money for fees. That doesn't make a lot of sense to me. [The Defendant] knows better than that. He knows how the court system works. He's no stranger to this court system. And even if the court were analyzing willfully refusal to pay versus inability to pay today, I cannot reconcile that with the not reporting.

And so, the court revokes [the Defendant] to serve the remainder of his ten year sentence.

The Defendant appeals the trial court's order, contending that the trial court erred when it revoked his probation.

## II. Analysis

The Defendant asserts that the trial court erred in revoking his probation. The State counters that, because the Defendant has failed to cite to the record, this issue is waived. Further, the State contends that the trial court did not abuse its discretion by revoking the Defendant's probation.

Initially, we note that the Defendant has waived the issue by failing to reference the appellate record in his brief to this Court. Under Rule 10(b) of the Rules of the Court of Criminal Appeals, "Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." Accordingly, the Defendant has waived his claim for relief by failing to provide any references to the record; however, we will nonetheless proceed to address the Defendant's claims on their merits.

When a trial court determines by a preponderance of the evidence that a probationer has violated the conditions of his or her probation, the trial court has the authority to revoke probation. Tenn. Code Ann. § 40-35-311(e) (2003). At the conclusion of a probation revocation hearing, when the trial court has determined that a probationer has violated his probation, a trial court can, among other things, order incarceration. State v. Hunter, 1 S.W.3d 643 (Tenn. 1999). The decision to revoke probation is in the sound discretion of the trial judge. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). The judgment of the trial court to revoke probation will be upheld on appeal unless there has been an abuse of discretion. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). To find an abuse of discretion in a probation revocation case, the record must be void of any substantial evidence that would support the trial court's decision that a violation of the conditions of probation occurred. Id.; State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Delp, 614

S.W.2d 395, 398 (Tenn. Crim. App. 1980). Proof of a probation violation is sufficient if it allows the trial court to make a conscientious and intelligent judgment. State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984).

We conclude that the trial court did not abuse its discretion when it revoked the Defendant's probation. At the probation revocation hearing, the Defendant said that he understood that it was his responsibility to meet the terms of his probation. The Defendant clearly admitted that he stopped reporting to his probation officer because he did not have any money to pay the fines, which was another condition of his probation. Under these circumstances, we conclude that the trial court did not abuse its discretion by revoking the Defendant's probation, and ordering that the Defendant serve the balance of his sentence in prison.

### III. Conclusion

Based on the foregoing reasoning and authority, we affirm the judgment of the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE