# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## STATE OF TENNESSEE v. LORI MICHELLE WALLER

**Direct Appeal from the Circuit Court for Carroll County**
**No. 09CR165     Donald E. Parish, Judge**

---

**No. W2010-00106-CCA-R3-CD  - Filed June 3, 2010**

---

The Appellant, Lori Michelle Waller, appeals following the revocation of her probation. The Appellant admitted her violation of probation. In her brief, the Appellant alleges that her term of split confinement has been served. The State has filed a motion requesting that this Court affirm the decision of the lower court. After review of the pleadings and record before this Court, we conclude that the State's motion is well-taken. Accordingly, the action of the lower court is affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20,**
**Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the Court, in which J.C. MCLIN and CAMILLE R. MCMULLEN, JJ., joined.

Lori Michelle Waller, Medina, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and John H. Bledsoe, Senior Counsel, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The Appellant, Lori Michelle Waller, was charged on two occasions by affidavit of complaint filed in the Carroll County General Sessions Court with violating probation, once because she "failed to report as ordered" and another because she failed to pay restitution as previously ordered. Following her revocation in these cases, she filed a notice of appeal to the Circuit Court of Carroll County.

The trial court conducted a hearing on the matter on January 4, 2010, during which the Appellant was present and "admitted that she had violated the terms and conditions of her probation by failing to make restitution payments as ordered and by failing to report to the Carroll County Jail as ordered." On January 25, 2010, the trial court entered an order acknowledging that the "parties have agreed to a partial revocation in this matter." The lower court, therefore, ordered that "the probation . . . is hereby partially revoked." The Appellant was ordered to serve a 10-day sentence at the Carroll County Jail, beginning on the weekend of January 15, 2010 and continuing on consecutive weekends until the completion of the 10-day sentence. The Appellant timely filed a notice of appeal document.

In the Appellant's initial brief, she does not contest the propriety of the revocation. Rather, the Appellant contends that her ten day sentence has been completed. The record reflects that the Appellant filed notice on February 1, 2010, that she would not be requesting a transcript of the evidence in this matter.

The decision to revoke probation is in the sound discretion of the trial judge. State v. Kendrick, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). The judgment of the trial court to revoke probation will be upheld on appeal unless there has been an abuse of discretion. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). To find an abuse of discretion in a probation revocation case, the record must be void of any substantial evidence that would support the trial court's decision that a violation of the conditions of probation occurred. Id.; State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). Proof of a probation violation is sufficient if it allows the trial court to make a conscientious and intelligent judgment. State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984). Upon finding by a preponderance of the evidence that the appellant has violated the terms of probation, a trial court is authorized to order an appellant to serve the balance of the original sentence in confinement. See T.C.A. §§ 40-35-310, -311(e). In reviewing the findings of the trial court, an appellate court must examine the record and determine whether the trial court has exercised a conscientious judgment rather than an arbitrary one. Mitchell, 810 S.W.2d at 735.

In the present case, the Appellant failed to provide this Court with a transcript of the revocation proceeding. On appeal, the Appellant contends that she has already served her ten days confinement. The limited record before this Court reflects that, on January 4, 2010, the Appellant agreed to serve ten days confinement on weekends beginning January 15, 2010. The record reflects that the Appellant is on release on bond pending disposition of this appeal. The notice of appeal document was filed on January 11, 2010.

It is undisputed that the Appellant admitted that she had violated the terms of her probated sentence.  Moreover, it is undisputed that the Appellant agreed to serve ten days in jail on weekends beginning January 15, 2010.   Accordingly, this Court concludes that the record supports the trial court's revocation of probation and imposition of sentence of split confinement.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20.  The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE