# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs January 10, 2012

## STATE OF TENNESSEE v. ROBERT KENNETH DUBOSE

**Direct Appeal from the Circuit Court for Hardin County**
**No. 8743      C. Creed McGinley, Judge**

---

**No. W2011-01422-CCA-R3-CD  - Filed May 9, 2012**

---

The defendant, Robert Kenneth Dubose, appeals the decision of the Hardin County Circuit Court revoking his probationary sentence. The defendant pled guilty to rape, a Class B felony, and received a sentence of eight years. The sentence was to be suspended to supervised probation following the service of one year. Subsequently, a violation warrant was issued charging the defendant with multiple violations of the terms and conditions of his probation. Following a hearing, the trial court revoked the defendant's probation and ordered the balance of the sentence be served in the Department of Correction. Following review, we conclude that the defendant has failed to show that the trial court abused its discretion in ordering the revocation or in imposing a sentence of confinement. Therefore, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and ALAN E. GLENN, JJ., joined.

Guy T. Wilkinson, District Public Defender, and Richard W. DeBerry, Assistant Public Defender, for the appellant, Robert Kenneth Dubose.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Senior Counsel; Hansel Jay McCadams, District Attorney General; and Ed N. McDaniel, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

**Procedural History**

On March 24, 2008, the defendant pled guilty to rape and received an eight-year sentence, which was to be suspended to supervised probation following the service of one year. On August 18, 2008, and on April 30, 2009, warrants were issued charging the defendant with violations of his probation. However, it appears from the record that the 2008 warrant was dismissed, and no resolution was reached on the 2009 warrant. Nonetheless, a third warrant was issued on October 8, 2009, alleging violations of four conditions of the defendant's probation. A hearing was held on the matter on June 9, 2011.

The first witness called at the hearing was Millicent Mann, the defendant's probation officer. She testified that she began supervising the defendant in February 2009. Ms. Mann stated that the defendant had failed to report to her since April 3, 2009. She further indicated that she was aware that the defendant had been arrested and served time in the Hardeman County jail from April until October 2009 for driving on a revoked/suspended license. The new arrest was not reported to her by the defendant. Further, even after the defendant was released in October, he did not report to her office as required, and had failed to do so in the ensuing two years. Ms. Mann concluded her testimony by stating that if at any time the defendant had attempted to report to her office and she was not there, he would have been instructed to report to the sheriff's office to complete a form, which would be relayed to her. No such form was ever received by her.

The defense called Roger Mosier, the son of the defendant's mother's landlord, to testify for him. Mr. Mosier stated that on several occasions during the "summer months" of 2009, he had driven the defendant to the probation officer for his scheduled meetings. Mr. Mosier testified that he assumed no one was present to meet with the defendant, as he returned to the car soon after he entered the building each time.

The final witness to testify was the defendant himself. He acknowledged that he had not met with his probation officer personally since April 2009. However, he claimed that he had attempted to do so on several occasions, but she was never in her office. The defendant testified that he did then go to the sheriff's office as instructed, but denied that he was ever told to fill out a form there.

The defendant also admitted that he had been arrested for driving on a revoked license and had served time in jail. However, he stated that he believed that the lady at the police station had faxed his probation officer to inform her of the charges.

After hearing the evidence presented, the trial court revoked the defendant's probation and ordered him to serve his sentence in confinement. The defendant has timely appealed that determination.

**Analysis**

On appeal, the defendant contends that the trial court erred in revoking his probation. However, as an initial matter, we note that the defendant makes no argument as to why this decision was error, as is his burden on appeal. *See* Tenn. R. App. P. 27(a)(7). Nonetheless, we elect to review the issue.

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the defendant has violated a condition of his or her probation. T.C.A. §§ 40-35-310, -311(e) (2010). Probation revocation rests within the sound discretion of the trial court. *State v. Kendrick*, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005) (citing *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). To establish an abuse of discretion, the defendant must show that there is no substantial evidence in the record to support the trial court's determination regarding the probation violation. *Id*. Proof of a violation does not need to be established beyond a reasonable doubt. *State v. Milton*, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984). Rather, the evidence need only show that the trial court exercised a conscientious and intelligent judgment as opposed to an arbitrary one. *State v. Gregory*, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997). In probation revocation hearing, the credibility of witnesses is to be determined by the trial court. *Mitchell*, 819 S.W.2d at 735.

Once the trial court has determined a violation of probation has occurred, it retains discretionary authority to order the defendant to: (1) serve his sentence in incarceration; (2) serve the probationary term, beginning anew; or (3) serve a probationary period that is extended for up to an additional two years. *State v. Hunter*, 1 S.W.3d 643, 647 (Tenn. 1999); *see also* T.C.A. § 40-35-310(b). The determination of the proper consequence of the probation violation embodies a separate exercise of discretion. *Hunter*, 1 S.W.3d at 647.

The trial court, in revoking the defendant's probation, made the following findings from the bench:

> The Court's had an opportunity to listen to testimony here. I find it incredible that this length of time [the defendant] went without reporting to an officer.

> [The] Court finds that he has willfully failed to follow the rules and conditions of probation, both by the additional charge and conviction that he's had, but by far and away the most - - the thing that most concern[s] the Court is that he was out in 2009 until latter part of 2010 [with] absolutely no supervision.

-3-

The court finds he willfully violated the terms and conditions of his probation. Therefore, remanded to TDOC for service of sentence.

Nothing in the record before us indicates that the trial court's determination that a willful violation of probation had occurred was an abuse of discretion. Indeed, the defendant himself admitted in his testimony that he had not reported and met with his probation officer since April 2009. He further admitted that he had incurred a new charge for which he served time in jail. It has previously been held by this court that a defendant's admission to violating probation is substantial evidence supporting a trial court's decision to revoke probation. *State v. Bryan James Farve*, No. E2008-00939-CCA-R3-CD (Tenn. Crim. App., at Knoxville, Mar. 23, 2009); *State v. Christopher Nathaniel Richardson*, No. M2006-01060-CCA-R3-CD (Tenn. Crim. App., at Nashville, March 15, 2007).

While the defendant, and his witness Mr. Mosier, offered excuses for the failure to report as ordered, the court was free to find that their testimony was not credible. *See Mitchell*, 819 S.W.2d at 735. This court will not reweigh the credibility determinations made by the trier of fact. Indeed, even if we were to do so, like the trial court, we would conclude it "incredible" that the defendant was unable to meet with his probation officer at least once in a two-year period.

Upon finding that a violation had occurred, the trial court acted within its authority in revoking the probation and ordering that the balance of the defendant's sentence be served in incarceration. The defendant has failed to carry his burden of establishing his entitlement to relief.

**CONCLUSION**

Based upon the foregoing, the revocation of probation is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE

-4-