# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Brief November 18, 2014

## STATE OF TENNESSEE v. MARISA ANN SHRUM

**Direct Appeal from the Circuit Court for Blount County**
**No. C-17489-91     David R. Duggan, Judge**

---

**No. E2014-00954-CCA-R3-CD - Filed February 10. 2015**

---

The defendant, Marisa Ann Shrum, appeals the sentencing decision of the trial court following the revocation of her probationary sentence. The defendant pled guilty to two counts of prescription drug fraud and one count of failure to appear. Pursuant to the plea agreement, she received an effective sentence of five years, with sixty days to be served in confinement, sixty days to be served on consecutive weekends, and the balance on supervised probation. A violation report was subsequently filed and, following a hearing, the trial court revoked the defendant's probation and ordered that the balance of the sentence be served in confinement. On appeal, the defendant does not contest the revocation of her probation, but she argues that the trial court erred in ordering total confinement. Following review of the record, we conclude no error occurred and affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and TIMOTHY L. EASTER, JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee, (on appeal) and Matthew Elrod, Assistant District Public Defender (at trial), for the appellant, Marisa Ann Shrum.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Senior Counsel; Mike Flynn, District Attorney General; and Matthew Dunn, Assistant District Attorney Generals, for the appellee, State of Tennessee.

## OPINION

### Procedural History and Factual Background

In 2008, in three separate cases, the petitioner pled guilty to two counts of prescription fraud and one count of failure to appear. It appears that the two prescription frauds occurred in late 2004 and early 2005. The failure to appear arose in June 2006 when the defendant failed to appear for her court date in the prescription fraud cases. It appears from the record that the defendant had absconded during the interim.

Pursuant to the 2008 plea agreement, the defendant was given an effective five-year sentence. The agreement further provided that the defendant would serve sixty days in jail to be followed by sixty days served on consecutive weekends. The balance of the sentence was to be served on supervised probation. A violation warrant was subsequently filed in 2009 against the defendant. The report alleged reporting violations, failure to pay costs and fees, failure to get alcohol and drug assessments, failure to do community service, failure to produce a DNA sample, and failure to report to jail to complete service of the weekend confinements. In October, the violation report was amended to include receiving a new charge of driving while intoxicated while in Indiana.

On December 9, 2013, the trial court found the defendant to be in violation and imposed an additional thirty-six days of split confinement followed by a return to supervised probation. However, the court noted that the initial sixty days remained unserved and ordered service to begin on December 27, 2014. In January, an amended order was filed to clarify the trial court's intent that the defendant's probation was to be extended by one year. Additionally, the order reflected that service of the confinement would be on consecutive weekends beginning on January 10, 2014. In February, an agreed order was filed in the case, which specified that the defendant was to serve the split confinement on consecutive Wednesdays.

In March of 2014, another violation report that is the subject of this appeal was filed. The report alleged that the defendant had failed to report to the jail to serve the required time and that she had failed to do any community service work as ordered. An amendment was filed which alleged that the defendant had traveled to Indiana without permission from her probation officer.

Multiple witnesses testified at the hearing. The first called was Officer Janet Dougherty of the Blount County Sheriff's Department, who testified as to the amount of time the defendant had served as of April 28, 2014. The defendant's probation officer, Gregory Dunkel, testified that of the original sixty-day sentence, the defendant had actually served thirty-six days. He also related that the defendant had been sentenced to serve sixty consecutive Wednesdays in jail and to perform one hundred hours of community service at the local animal shelter. No time was served by the defendant with regard to these. However, she did report for probation appointments.

Officer Dunkel testified that on February 12, the defendant had requested that she be able to report for split confinement at the end of the day. However, Officer Dunkel did not have any further contact with the defendant until February 25, when she told him that she had failed to report to the jail because of illness. According to Officer Dunkel, on March 12, the defendant informed him that she wanted to serve her split confinement in increments greater than one day. He also testified that he learned from a family member that, on March 21, the defendant was in Indiana without permission. When the defendant next reported, on March 25, she was traveling in a vehicle with Indiana license plates. She was arrested at that time. Officer Dunkel did acknowledge that the defendant had been reporting and that she had paid all her costs and fees.

The defendant also testified and admitted that she had committed the violations of her probationary agreement. She testified that she blamed herself for her failure to comply, but she explained that it was because of health issues, child issues, and a lack of transportation or a permanent residence. She testified that she was responsible for taking care of her grandparents and her three daughters, all of who wished to return to Indiana where they were from. While in Tennessee, she had stayed with friends, one of whom assaulted her. She also testified that she needed surgery on her back and that the local physician thought it should be performed by the same doctor in Indiana who had previously treated her.

The defendant recognized that the original sentence in the case had been imposed almost six years previously and that the crimes had been committed in 2004 and 2005. Again, she specifically did not deny that she had failed to serve her split confinement or report for community service.

Following the testimony by the defendant, Officer Dunkel was recalled to the stand. He acknowledged that the defendant had spoken with him about her transportation problems and her desire to return to Indiana. He also acknowledged that the defendant had paid her fees in order to facilitate a transfer. However, Officer Dunkel testified that he made clear to the defendant that all split confinement time must be served prior to any transfer.

After hearing the evidence presented, the trial court found the defendant had violated the terms and conditions of her probation and revoked the suspended sentence. The trial court then ordered that the defendant serve the balance of her sentence in confinement. The defendant has timely appealed the sentencing decision.

**Analysis**

On appeal, the defendant makes the single claim that the trial court erred in ordering her sentence to be served in incarceration following the revocation of her probation. The

defendant does not contest the revocation itself, only the resulting sentence.

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the defendant has violated a condition of his or her probation. T.C.A. §§ 40-35-310, -311 (2010); *State v. Kendrick*, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005) (citing *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). On appeal, this court will not disturb the trial court's ruling absent an abuse of discretion. *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001) (citing *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991)). To establish an abuse of discretion, the defendant must show that there is no substantial evidence in the record to support the trial court's determination regarding the probation violation. *Id*. Proof of a violation does not need to be established beyond a reasonable doubt. *State v. Milton*, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984). Rather, if the trial court finds by a preponderance of the evidence that a violation has occurred, the court may revoke the probation and suspension of the sentence. T.C.A. § 40-35-311(e). In a probation revocation hearing, the credibility of witnesses is to be determined by the trial court. *Mitchell*, 810 S.W.2d at 735.

Once the court has determined a violation of probation has occurred, it retains the discretionary authority to order the defendant to: (1) serve his or her sentence in incarceration; (2) serve the probationary term, beginning anew; or (3) serve a probationary period that is extended for up to an additional two years. *State v. Hunter*, 1 S.W.3d 643, 647 (Tenn. 1999); *see also* T.C.A. §§ 40-35-308, -310, -311. The determination of the proper consequence of the probation violation embodies a separate exercise of discretion. *State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007).

In its order from the bench, the trial court made the following findings:

Upon this proof, the court finds that [the defendant] has engaged in a material violation of the terms of her probation based upon failing to follow the directions of her probation officer, by failing to provide monthly proof of completed community service work, failing to provide proof of compliance of 100 hours of community service, failing to serve her jail sentence on consecutive weekends, and/or as that has been modified to - - twice, I think - - most recently to consecutive Wednesdays, I believe it was. I could go back and look at my notes. She's failed to do it, in any event. Also leaving her county of residence without permission and traveling to Indiana without the written permission of her officer and thereby being in violation of her court ordered curfew as well.

The Court also notes, with respect to the argument [the defendant] has

taken responsibility for this, she testified two or three times that she took responsibility, that she realized this was all her own doing. And yet she also offered numerous reasons why all of these terrible things are happening. So, I'm not sure that she has taken responsibility. Secondly, I feel the need on this case to point out that, you know, this is the legal system. It's not a cafeteria buffet line where you get to go through the line and choose what you want. You're under order to do certain things, including to do this community service, including to serve your jail time. You simply haven't done it. This is the second violation. The Court is going to revoke your probation and order you to serve your sentence.

Although not challenged by the defendant, we note that the record amply supports the trial court's decision to revoke probation in this case. The record supports the court's findings that multiple violations of the terms and conditions of the defendant's probationary sentence did occur. The defendant herself acknowledged that she had committed the violations. By doing so, the defendant conceded an adequate basis to support the trial court's decision to revoke the sentence.

Again, on appeal, the defendant is challenging only the trial court's decision that she was to serve the remainder of her sentence in incarceration. She argues that the decision was "an unreasonable abuse of discretion" because the record established the many difficulties she faced and by her compliance efforts. The defendant puts forth that "[s]ome additional split confinement served at once rather than one day a week would be more reasonable" under the circumstances of her case.

We disagree that an abuse of discretion has been established on this record. The trial court considered all the factors argued by the defendant. The court questioned her assertions that she had taken responsibility for her actions, her potential for rehabilitation, and the reasons she asserted for her violations. As pointed out by the State, a person on probation is not automatically entitled to a second probationary sentence following revocation. *See State v. Jeffery A. Warfield*, C.C.A. No. 01C01-9711-CC-00504, 1999 Tenn. Crim. App. LEXIS 115 (Tenn. Crim. App. Feb. 10, 1999), *perm. app. denied*, (Tenn. June 28, 1999). The defendant was given several chances to comply with the terms of this sentence, and she simply failed to do so. Because she made efforts in complying with certain terms of her probation does not excuse the fact that she wholly failed to comply with other terms.

Again, once the violation had been established, the trial court was statutorily authorized to revoke the defendant's probation and order service of the sentence. The defendant has failed to establish an abuse of discretion in the trial court's decision. No relief is warranted.

## CONCLUSION

Based upon the foregoing, the judgment of the trial court is affirmed.

_____

JOHN EVERETT WILLIAMS, JUDGE