# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Brief December 16, 2014

## STATE OF TENNESSEE v. JAMES STUBBLEFIELD, III

**Direct Appeal from the Circuit Court for Robertson County**
**No. 74CC3-2010-CR-366    Michael R. Jones, Judge**
**No. 74CC3-2010-CR-368**
**No. 74CC3-2012-CR-527**

---

**No. M2014-01178-CCA-R3-CD - Filed March 10, 2015**

---

The defendant, James Stubblefield, III, appeals the sentencing decision of the trial court following the revocation of his community corrections sentence. The defendant pled guilty to aggravated burglary, forgery, and driving on a revoked license. He was subsequently sentenced to an effective four-year community corrections sentence as a Range I, standard offender. A violation warrant issued alleging that the defendant had violated the terms and conditions of his community corrections agreement. Following a hearing, the trial court found the defendant to be in violation and revoked the community corrections sentence, ordering that the balance of the four-year sentence be served in incarceration. On appeal, the defendant does not contest the revocation of community corrections itself. Instead, he challenges only the trial court's decision to order service of the entire sentence in confinement. Following review of the record, the decision of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J. and ROBERT W. WEDEMEYER, J., joined.

Collier W. Goodlett, Assistant Public Defender, Springfield, Tennessee (at trial) and Roger E. Nell, District Public Defender, Clarksville, Tennessee (on appeal), for the appellant, James Stubblefield, III.

Herbert H. Slatery, III, Attorney General and Reporter; Meredith Devault, Senior Counsel; John W. Carney, Jr. District Attorney General; and Jason White, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## Procedural History and Factual Background

In 2010, the defendant was placed on judicial diversion for the offenses of aggravated burglary and forgery. However, in August 2012, the trial court terminated the judicial diversion and entered judgments of conviction for the charged offenses. At the same time, the defendant also pled guilty to the new offense of driving on a revoked license. The court then granted the defendant a second chance to avoid incarceration by placing him on an effective four-year sentence to be served on community corrections.

For a time period, the defendant complied with the program's conditions. However, approximately four months later, on December 9, 2012, the defendant was again arrested, this time for the offense of driving under the influence ("DUI"). He pled guilty to the charge on December 10. Three days later, on December 13, the defendant reported the new arrest to his community corrections case officer. According to the defendant, the two discussed the new arrest.

The following day, a violation warrant was issued charging that the defendant had violated the terms of his agreement by being arrested on a new charge and by not complying with the imposed curfew. The defendant claimed to have no knowledge that such a report had been issued. He did call his case officer on December 18 to inform him that he had obtained employment and that he would report on the following Thursday. The defendant did not keep the appointment and has not reported to the present.

It was not until May 7, 2014, that the police were able to arrest the defendant on the violation warrant. At the same time, the defendant was also served with a juvenile court capias against him for failure to maintain child support payments.

A hearing on the community corrections matter was held on June 6, 2014, at which the defendant and his community corrections officer testified. Additionally, at the hearing, the defendant was also served with a second community corrections violation warrant, which alleged that he had failed to report from December 2012 until the present.

The defendant's community corrections officer, Brian Hawkins, gave testimony regarding the defendant's new DUI arrest and the failure to report. He specifically testified that the defendant had entered a guilty plea to the DUI and that the last contact his office had with the defendant was the December 18, 2012 phone call. A certified copy of the

judgment of conviction for the DUI was also entered by the State.

The defendant testified that he was twenty-four years old and had no prior convictions other than those which were the subject of this case. He did testify, however, that he was currently incarcerated serving concurrent sentences of 120 days for failing to pay child support and 180 days for violating probation in a general sessions case.

The defendant testified that he would be able to obtain employment as a welder immediately if he was released from jail. He acknowledged having three children, ages nine, three, and one. When first questioned, the defendant testified that he did pay child support. However, upon further questioning, he acknowledged his arrearages. He also stated that he did not maintain regular visitation with his children.

The defendant gave testimony that he did not report in December 2012 to mid-January 2013 because he was "working all the time." At that point, he and his then-pregnant girlfriend moved to Sacramento, California so that his girlfriend could be close to her mother during her pregnancy. He stated that the two stayed with his girlfriend's parents, and he encountered no legal problems while in California. He did acknowledge that he informed no one in the community corrections program that he was leaving the state.

When asked why he returned to Tennessee, the defendant stated that it "was no fun" looking over his shoulder all the time. He claimed that he returned on his own in order to resolve his legal obligations. He did acknowledge that he had been back in Tennessee for approximately a week when he was arrested by police. He did not turn himself in voluntarily; rather the police came to his home and arrested him on the outstanding warrants.

After hearing the evidence presented, the trial court found that the defendant was in violation of his community corrections agreement. As such, the court concluded revocation was proper. Additionally, the trial court ordered the unserved balance of the effective four-year sentence to be served in incarceration. The defendant timely appeals that sentencing decision.

**Analysis**

On appeal, the defendant asserts that the trial court abused its discretion in ordering that the remainder of his sentence be served in incarceration following revocation of community corrections. The Tennessee Supreme Court has held that the same principles that apply in the revocation of probation also apply in the revocation of community

corrections. *State v. Harkins*, 811 S.W.2d 79, 83 (Tenn. 1991). A trial court may revoke probation or community corrections and order imposition of the original sentence upon a finding by a preponderance of the evidence that the defendant has violated a condition of his or her sentence. T.C.A. §§ 40-35-310, -311 (2010); *State v. Kendrick*, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005) (citing *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). On appeal, this court will not disturb the trial court's ruling absent an abuse of discretion. *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2000) (citing *Harkins*, 811 S.W.2d at 82). To establish an abuse of discretion, the defendant must show that there is no substantial evidence in the record to support the trial court's determination regarding the violation. *Id*. Proof of a violation does not need to be established beyond a reasonable doubt. *State v. Milton*, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984). Rather, if the trial court finds by a preponderance of the evidence that a violation has occurred, the court may revoke the community corrections and suspension of the sentence. T.C.A. §40-35-311(e). In a revocation hearing, the credibility of witnesses is to be determined by the trial court. *Mitchell*, 810 S.W.2d at 735.

Once the court has determined a violation has occurred, it retains the discretionary authority to order the defendant to: (1) serve his or her sentence in incarceration; (2) serve the community corrections term, beginning anew; or (3) serve a community corrections period that is extended for up to an additional two years. *State v. Hunter*, 1 S.W.3d 643, 647 (Tenn. 1999); *see also* T.C.A. §§ 40-35-308, -310, -311. The determination of the proper consequence of the violation embodies a separate exercise of discretion. *State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007).

The record reveals that the trial court made the following findings with regard to its decision:

> [The defendant] is in violation for failure to report as well as DUI violation.
>
> . . . .
>
> Looking at the judgment in this case, [the defendant] had pretrial jail credits from April 23rd '10 to August 2010 and then again June 29 '12 to really 12 eight 12, credit on community corrections, so he's got considerable credit to his four year sentence and two sentence. I'm going to order that [the defendant] serve that four year sentence, two year sentence is concurrent so he will serve that. I feel sure he'll serve that in the local jail. After he's served 30 percent of that sentence I might consider putting him on probation,

but he's got to have some punishment there.

Additionally, the following colloquy occurred between the trial court and the attorneys:

[Defense Counsel]: And 30 percent is also a credit to - - accredited he has served toward the 30 percent.

The Court: For the time that he had served on those - - on the judgment, the community corrections and since he was arrested.

[Defense Counsel]: Yes. Okay. And it's a four year sentence, serve 30 percent of that, comes back out?

The Court: No, sir. I said I'd consider it.

[Defense Counsel]: Oh, okay. I'm sorry.

[State]: He's revoked to serve his four year sentence, Your Honor, once he gets 30 percent Your Honor would consider a rule 35 motion.

The Court: Yes.

First, the defendant is not challenging the revocation of the community corrections sentence itself. Nonetheless, we note that the record amply supports the trial court's revocation. The defendant acknowledges in his own brief that "the evidence of a violation of a term of community corrections was sufficiently established." He acknowledges that the certified judgment of conviction, his admission of guilt to the conviction, and his admission to absconding constitute substantial evidence of a violation. Thus, there was no abuse of discretion in the trial court's decision to revoke the community corrections sentence.

The defendant's sole challenge is to the court's sentencing decision following revocation. The defendant claims that the trial court abused its discretion by ordering full confinement for the balance of the sentence instead of partial confinement. He claims the court "could have ordered confinement of up to one year and then returned [the defendant] to community corrections."

In support of his argument, he points to the trial court's comments on the record that he claims show that was in fact the trial court's intent. The trial court did state that it would

-5-

"consider" releasing the defendant after thirty percent service of the four-year sentence, which is 1.2 years. The defendant claims that the trial court "skirted around" the one-year limitation on split confinement by ordering full confinement and indicating "consideration" of release after service of the thirty percent.

The defendant's argument is misplaced. Upon finding that a violation of community corrections has occurred, the trial court is statutorily authorized to make one of three decisions regarding the sentence. In this case, the court exercised its authority and chose one of the statutory options available to it, which is supported by the record. There is no indication that the court was in any way attempting to circumvent or "skirt around" any legal principles. The court was quite clear on what sentence was being imposed and only stated that it might reconsider its decision at a later date. That in no way constitutes an abuse of discretion. The defendant is entitled to no relief.

## CONCLUSION

Based upon the foregoing, the judgment of the trial court is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE