# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs February 11, 2015

## STATE OF TENNESSEE v. DAVID MUANGKHOT

**Appeal from the Circuit Court for Bedford County**
**Nos. 15656, 15657    Franklin L. Russell, Judge**

---

**No. M2014-01029-CCA-R3-CD - Filed March 19, 2015**

---

In January 2005, David Muangkhot ("the Defendant") pleaded guilty to one count of sale of a Schedule I controlled substance and one count of possession of a Schedule I controlled substance with the intent to sell.  Pursuant to a plea agreement, the trial court imposed concurrent, 10-year sentences and ordered the Defendant to serve his sentence in confinement. Following the completion of a boot camp program, the Defendant was released and placed on supervised probation for the remainder of his sentence pursuant to Tennessee Code Annotated section 40-20-206.  In April 2014, the trial court issued a violation of probation warrant and, following a hearing, revoked the Defendant's probation and imposed the Defendant's original sentence.  On appeal, the Defendant argues that the trial court abused its discretion by ordering him to serve his sentence.  Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J., and TIMOTHY L. EASTER, J., joined.

Donna L. Hargrove, District Public Defender; and Andrew Jackson Dearing, III, Assistant District Public Defender, Shelbyville, Tennessee, for the appellant, David Muangkhot.

Herbert H. Slatery, III, Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; Robert Carter, District Attorney General; and Richard Aaron Cawley, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## I. Facts

In November 2004, the Bedford County Grand Jury indicted the Defendant for one count of sale of Schedule I controlled substance and one count of delivery of a Schedule I controlled substance in case number 15656. In case number 15657, the grand jury indicted the Defendant for one count each of possession of a Schedule I controlled substance with intent to sell, possession of a Schedule I controlled substance with intent to deliver, and unlawful carrying of a weapon. On January 20, 2005, the Defendant pleaded guilty, as a Range I standard offender, to one count of sale of a Schedule I controlled substance and one count of possession of a Schedule I controlled substance with intent to sell. The Defendant received concurrent sentences of 10 years at 30% to serve on both counts. On August 16, 2005, the Defendant completed a boot camp program and was placed on supervised probation for the remainder of his sentence.

On April 15, 2014, the trial court issued a violation of probation warrant based upon allegations that the Defendant had tested positive for marijuana and cocaine. At a hearing conducted on May 16, 2014, the Defendant admitted that he had violated the terms of his probation. The Defendant testified that he lived with his parents in Murfreesboro. He was engaged to be married and was working two jobs at the time of his arrest on the violation warrant. The Defendant testified that he had no prior violations of probation. He had reported to his probation officer as required, paid all fines, and passed all other drug screens given to him since 2005. The Defendant further explained that, other than the underlying convictions, he had no other criminal history.

Regarding the violation of probation, the Defendant testified that he smoked a marijuana joint while attending a Super Bowl party on February 3, 2014. He explained that he did not know the joint was laced with cocaine until he inhaled. As an explanation for his use of drugs, the Defendant stated that he was under a lot of stress because he had lost his sister that year and because his father was sick. The Defendant stated that he only smoked one joint and he had thought that he could "beat the system."

Following the Defendant's testimony, defense counsel argued that there was no excuse for the Defendant's behavior but asked the trial court to "be gracious and consider that . . . this was his first violation. And other than this one positive drug screen, he appears to have done quite well on probation . . . ." At the conclusion of the hearing, the trial court determined that the Defendant had violated the terms of his probation, and it revoked probation and ordered the Defendant to serve his sentence. This timely appeal followed.

## II. Analysis

On appeal, the Defendant acknowledges that he violated the terms of his probation by testing positive for controlled substances, but he argues that the trial court improperly required him to serve the balance of his sentence. He asserts that the trial court should have imposed a sentence of split confinement followed by inpatient drug rehabilitation. The State responds that the trial court did not abuse its discretion by revoking the Defendant's probation and ordering his sentence into effect. We agree with the State.

Upon a finding by a preponderance of the evidence that a defendant has violated a condition of his or her probation, a trial court may revoke probation and order the imposition of the original judgment. Tenn. Code Ann. §§ 40-35-310, -311 (2014); State v. Kendrick, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005) (citing State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). We will not disturb the trial court's ruling on appeal absent an abuse of discretion. State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001) (citing State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991)). To establish an abuse of discretion, a defendant must show that there is "no substantial evidence" in the record to support the trial court's determination that a violation of probation has occurred. Id. Proof of a violation does not need to be established beyond a reasonable doubt. State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984). Rather, if a trial court finds by a preponderance of the evidence that a violation has occurred, the court may revoke the probation and suspension of the sentence. Tenn. Code Ann. § 40-35-311(e) (2014).

Upon finding a violation, the trial court is vested with the statutory authority to "revoke the probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered." Id. Furthermore, when probation is revoked, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension." Tenn. Code Ann. § 40-35-310. The trial court retains the discretionary authority to order the defendant to serve the original sentence. See State v. Duke, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1995).

Upon review, we conclude that the trial court did not abuse its discretion by revoking the Defendant's probation and ordering the Defendant to serve his sentence. The Defendant tested positive for using marijuana and cocaine and admitted that he was guilty of violating his probation. Indeed, the Defendant does not challenge the revocation of his probation on appeal. The Defendant's sole issue concerns whether the trial court erred by failing to grant him another alternative sentence after revoking his probation. He contends that the sentence imposed by the trial court was "not deserved for the committed infraction of the rules of probation" and was not the "least severe measure necessary" under the purposes and principles of sentencing. See Tenn. Code Ann. § 40-35-103(2), (4) (2014).

However, as we have stated, it was within the trial court's authority to order the Defendant to serve his original sentence upon revoking probation. See Tenn. Code Ann. §§ 40-35-310 and -311(e); Mitchell, 810 S.W.2d at 735. Moreover, "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." State v. Jeffrey A. Warfield, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. Feb. 10, 1999). Finally, when the Defendant entered his guilty plea agreement, he accepted an effective 10-year sentence to serve. The Defendant cannot now complain that his original, agreed-upon sentence was not in keeping with the purposes and principles of sentencing. The Defendant is not entitled to relief.

### III. Conclusion

For the aforementioned reasons, we affirm the judgment of the trial court.

_____
ROBERT L. HOLLOWAY, JR., JUDGE

-4-