IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 27, 2016


**STATE OF TENNESSEE v. ROSS PRUITT**


**Appeal from the Circuit Court for Blount County**
**No. C-22562     Tammy M. Harrington, Judge**

_____


**No. E2015-01494-CCA-R3-CD – Filed June 8, 2016**

_____


Ross Pruitt ("the Defendant") appeals the Blount County Circuit Court's order revoking his probation and imposing the balance of his two-year sentence for aggravated statutory rape.  On appeal, the Defendant argues that the trial court abused its discretion by ordering him to serve the balance of his sentence in confinement as opposed to split confinement with the added condition that his internet access be monitored and restricted while on probation.  After a thorough review of the record and applicable law, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

J. Liddell Kirk (on appeal), Knoxville, Tennessee and Shawn Graham (at hearing), Maryville, Tennessee, for the appellant, Ross Pruitt.

Herbert H. Slatery III, Attorney General and Reporter; Leslie E. Price, Senior Counsel; Mike Flynn, District Attorney General; and Shari Tayloe, Assistant District Attorney General, for the appellee, State of Tennessee.


**OPINION**


### I.     Factual and Procedural Background

On July 11, 2014, the Defendant was convicted of aggravated statutory rape and sentenced to two years in the Tennessee Department of Correction.  The Defendant

received determinate release[1] on January 6, 2015, and was placed on supervised probation.

On April 30, 2015, Probation Officer Charles Johnson submitted an affidavit alleging that the Defendant violated his probation, and an accompanying arrest warrant was executed on May 5, 2015. The affidavit stated that the Defendant violated Rule 9 by failing to make payment on court costs and Rule 12 by violating the "Special Conditions for Sex Offenders" by possessing pornography on a smartphone and tablet, using internet access on a smartphone and tablet for a purpose other than conducting business or job searches, and using Facebook and Facebook Messenger under his mother's account without disclosure to his probation officer.

At the probation revocation hearing, Officer Johnson testified that he supervised the Defendant's probation. Because the Defendant was a sex offender, he was required to follow specialized conditions of probation. Due to those restrictions, the Defendant could only access the internet for work-related purposes; he could not possess pornographic material; and he was not allowed to date, befriend, or reside with anyone who had minor children. Officer Johnson stated that the Defendant was made aware of these specialized conditions and that he signed a list of the conditions upon his release from confinement.

Officer Johnson further testified that the Defendant's residence was searched as a part of "Operation Clean Sweep." During that search, officers found a smartphone and an electronic tablet. Officer Johnson stated that the Defendant was allowed to have a smartphone for only work-related purposes. However, sexually explicit materials were found on both devices, and the Defendant signed a written admission stating that he looked at pornography and accessed his mother's Facebook account.[2]

Officer Johnson testified that the Defendant used the smartphone to engage in sexually explicit communication and to access the Craigslist personals section. The smartphone contained sexually explicit pictures of women. Additionally, it contained a picture of what is alleged to be the Defendant's penis with a message saying, "I need you now," and signed "Tommy Pork Chop."

Officer Johnson testified that the Defendant used the tablet to view pornography and to access Facebook via his mother's account. The YouTube history on the tablet revealed that the Defendant had downloaded multiple videos with the word "sexy" in the

---

[1] See Tenn. Code Ann. § 40-35-501(3) ("Notwithstanding any other law, inmates with felony sentences of two (2) years or less shall have the remainder of their original sentence suspended upon reaching their release eligibility date.").

[2] The Defendant's written statement was admitted as Exhibit No. 1 at the revocation hearing. This exhibit was not included in the record on appeal. However, the testimony of Officer Johnson describes the content of the Defendant's written statement.

title as well as a video entitled "Top Ten Nude Scenes Uncensored." The tablet also contained a conversation with a woman in which she discussed picking up her children from school. In a message to that same woman with children, the Defendant stated, "[H]ey, Ms. Lady, I tell you something. I love you. Come see me, Food City Stocker." Also, the tablet contained multiple sexually explicit photos of women and a sexually explicit cartoon. Officer Johnson recalled that the Defendant was cooperative during the search and that he did not deny possessing the sexually explicit materials.

Marjorie Pruitt, the Defendant's mother, testified that the Defendant lived with her. She was not aware that the Defendant was not allowed to use the internet. She stated that the tablet belonged to her but that it was used by the Defendant. Ms. Pruitt indicated that she was not aware that there were pornographic images on the tablet. Ms. Pruitt stated that the Defendant helped her around the house and completed tasks that she could not do due to her health. Ms. Pruitt promised that, if the Defendant was allowed to come home, she would prevent him from using the tablet and smartphone and get him a "flip-face" phone instead. She stated that she had already "cut off" the internet service to her house.

The Defendant testified that he was unable to pay the court costs because he had struggled to maintain steady employment as a truck driver. However, the Defendant admitted that he made enough money to buy tobacco, cigarettes, and gas, but that he had not made any payments toward his court costs. The Defendant testified that he met with his probation officer a few days after his release from confinement and that the probation officer informed him of the restrictions of his probation, including the rule that the Defendant was not allowed to possess any pornographic material. The Defendant understood that he was allowed to use the internet to find a job but that he was not permitted to use Facebook. The Defendant agreed that he used the tablet more than his mother, and he admitted that he used his mother's Facebook account to talk to "some [of his truck] driver friends" and three women. The Defendant said he thought he had deleted the pornographic images from the devices, and he said he was "very ashamed" for viewing them. The Defendant admitted that he had sent a video of himself masturbating to a woman and that she had sent him a video of herself. The Defendant also agreed that the photos he had sent to other people and the photos on the smartphone and tablet were "very inappropriate." The Defendant also admitted that he had communicated with women who had children.

The Defendant testified that he had not consumed any alcohol or illegal drugs since March 27, 2012. He expressed remorse for his actions and stated that he "looked back to [his] upbringing" and "got back in the Bible" during the time that he served in jail. He stated, "I just want to be given a chance to prove that I'm not the person that I was charged with being."

The trial court found that the Defendant had violated probation. The trial court further stated:

> I believe that [the Defendant has] testified very truthfully here today. However, the nature of these violations and the fact that they do violate the specialized conditions of sex offender probation taken with the fact that he had only been out since January and this is April, the Court does not find that he is a good candidate to return to probation.

Based on the nature of the violation and the short span of time between the Defendant's determinate release and the violation, the trial court revoked the Defendant's probation and ordered the Defendant to serve the balance of the sentence in confinement. This timely appeal followed.

## II.    Analysis

On appeal, the Defendant asserts that the trial court abused its discretion when it ordered the Defendant to serve the balance of his sentence in confinement. The Defendant does not contest the trial court's basis for finding the violation of probation. Rather, the Defendant contends that his actions "did not include any actual criminal activity[.]" Thus, the Defendant argues that a return to probation with his internet access restricted and monitored would have been proper. The State argues that the trial court properly exercised its discretion in revoking the Defendant's probation and ordering him to serve the balance of his sentence in confinement. We agree with the State.

Upon a finding by a preponderance of the evidence that a defendant has violated a condition of his or her probation, a trial court may revoke probation and order the imposition of the original sentence. Tenn. Code Ann. §§ 40-35-310, -311 (2014); State v. Kendrick, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005) (citing State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). We will not disturb the trial court's ruling on appeal absent an abuse of discretion. State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001) (citing State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991)). To establish an abuse of discretion, a defendant must show that there is "no substantial evidence" in the record to support the trial court's determination that a violation of probation has occurred. Id. Proof of a violation does not need to be established beyond a reasonable doubt. State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984). Rather, if a trial court finds by a preponderance of the evidence that a violation has occurred, the court may revoke the probation and suspension of the sentence. Tenn. Code Ann. § 40-35-311(e) (2014).

Upon finding a violation, the trial court is vested with the statutory authority to revoke the probation and suspension of sentence and "[c]ause the defendant to commence the execution of the judgment as originally entered." Tenn. Code Ann. § 40-35-

311(e)(1)(A). Furthermore, when probation is revoked, the trial judge retains the discretionary authority to order "the original judgment so rendered to be in full force and effect from the date of the revocation of the suspension." Tenn. Code Ann. § 40-35-310(a); see State v. Duke, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1995).

In this case, the trial court found that the Defendant had violated his probation. By the Defendant's own admission, he did not make payments on his court costs; he was in possession of pornography; he violated the rules regarding internet access; and he used his mother's account to access Facebook. The Defendant's admission that he violated the terms of his probation, alone, constitutes substantial evidence to support the revocation of probation. See State v. Christopher Nathaniel Richardson, No. M2006-01060-CCA-R3-CD, 2007 WL 776876, at *4 (Tenn. Crim. App. Mar. 15, 2007), no perm. app. filed. Furthermore, the Defendant does not contest that there was a basis for a finding of violation. Therefore, the trial court did not abuse its discretion when it found the Defendant had violated the terms of his probation.

The Defendant contends that the trial court abused its discretion when it ordered him to serve the balance of his sentence in confinement. We find no merit in this claim. The Defendant acknowledged that he viewed pornography and engaged in sexually explicit communication using the smartphone and tablet. The trial court ordered the Defendant to serve the balance of his sentence based upon the nature of the sexually explicit material found on the smartphone and the tablet in conjunction with the short span of time which had elapsed between the Defendant's release and the violation. Despite Ms. Pruitt's assurances regarding her willingness to limit the Defendant's internet access and the Defendant's own display of remorse, the trial court properly exercised its statutory authority when it ordered the Defendant to serve the balance of his sentence. The Defendant has failed to show that the trial court abused its discretion.

### III.    Conclusion

For the aforementioned reasons, the judgment of the trial court is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE

5